## KENTUCKY FRIED CHICKEN OF BOWLING GREEN, INC., Appellant,

### v.

## Harland SANDERS, Courier-Journal & Louisville Times, Inc., Dan Kauffman and KFC Corporation, Appellees.

Supreme Court of Kentucky.

March 14, 1978.

F. Thomas Conway, Louisville, for appellant.

Marshall P. Eldred, Stephen R. Schmidt, Brown, Todd & Heyburn, Louisville, for appellee, Harland Sanders.

Edgar A. Zingman, Jon L. Fleischaker, Wyatt, Grafton & Sloss, Louisville, for appellees, Courier-Journal and Louisville Times, Inc. and Dan Kauffman.

William O. Guethlein, William P. Swain, Louisville, for appellee, KFC Corp.

PER CURIAM.

Appellant sought damages from appellees for libel and defamation growing out of statements made by Colonel Harland Sanders and published in the Courier-Journal. The complaint was dismissed for failure to state a claim upon which relief could be granted.

Colonel Sanders was interviewed by Courier-Journal staff writer Dan Kauffman on the subject, "Is a chicken wing white meat?" The portion of the article on which appellant based its suit was as follows:

"And while he was on the subject of something Kentucky Fried Chicken should do differently, the Colonel thought of a few other things.

"The stuff on the mashed potatoes, for instance.

" 'My God, that gravy is horrible. They buy tap water for 15 to 20 cents a thousand gallons and then they mix it with flour and starch and end up with pure wallpaper paste. And I know wallpaper paste, by God, because I've seen my mother make it.'

"To the 'wallpaper paste' they add some 'sludge and sell it for 65 or 75 cents a pint. There's no nutrition in it and they ought not to be allowed to sell it.'

"And another thing. That new 'crispy recipe is nothing in the world but a damn fried doughball stuck on some chicken.' "

 This statement, in the context of the whole article, makes it plain that the Colonel did not have the Kentucky Fried Chicken of Bowling Green, Inc. or any other particular restaurant in mind. He was discussing Kentucky Fried Chicken generally. To defame a class, the statement must be applicable to every member of the class, and if the words used contain no reflection upon any particular individual, no averment can make them defamatory. See *Louisville Times Co. v. Emrich,* 252 Ky. 210, 66 S.W.2d 73 (1933). And as the size of the class increases it becomes more and more difficult for one to show that he was the one at whom the statement was directed. See *Louisville Times v. Stivers,* 252 Ky. 843, 68 S.W.2d 411 (1934). There are more than 5,000 outlets selling Kentucky Fried Chicken products around the world, and there was nothing in the present article which identified the Bowling Green restaurant as the object of the remarks.

Appellant also contends it was error to dismiss the complaint because Colonel Sanders made a statement published in a local Bowling Green newspaper, the pertinent part of which was: "Sanders claims the new operators of Kentucky Fried Chicken Corp., a wholly-owned subsidiary of Heublin, Inc., are serving chicken which is not prepared exactly according to his original recipe." Again there was no direct reference to Kentucky Fried Chicken of Bowling Green, Inc. Moreover, the assertion that the chicken served by Kentucky Fried Chicken Corp. was not prepared *exactly* according to Sanders' original recipe

was not defamatory. It is almost inevitable that at least slight deviations would occur. Indeed, prospective customers would expect that.

The judgment is affirmed.

All concur.