746 P.2d 159

Adolph SAENZ, Plaintiff–Appellant,

v.

Roger MORRIS, Richard McCord, and the Santa Fe Reporter, Inc., a New Mexico corporation, Defendants–Appellees.

No. 9367.

Court of Appeals of New Mexico.

Oct. 20, 1987.

John C. Trotter, Keith George Fabrizi, Trotter, Trotter and Fabrizi, Houston, Tex., Jan Unna, Santa Fe, for plaintiff-appellant.

Robert R. Rothstein, Martha A. Daly, Rothstein, Bailey, Bennett, Daly & Donatelli, Santa Fe, for defendants-appellees.

## OPINION

MINZNER, Judge.

Plaintiff appeals an order dismissing his libel claim for failure to state a claim and other procedural defects. His claim arose out of certain articles published in the Santa Fe Reporter (Reporter) and was filed against Roger Morris, who wrote the articles, Richard McCord, editor of the Reporter, and The Santa Fe Reporter, Inc. (defendants). In response to plaintiff's complaint, defendants moved for a more definite statement. Plaintiff responded to the motion by submitting copies of the articles in question. Nothing else appears in the record until new counsel entered an appearance for plaintiff some eighteen months after the above response. This was followed two months later by another entry of appearance for plaintiff by a Texas firm, and three months after that by substitution of counsel for defendants.

Over two years after the original complaint was filed, the court issued an order sua sponte to the parties to show cause why the claim should not be dismissed. This eventually resulted in an entry of appearance by local counsel on behalf of plaintiff and the filing of an amended complaint.

Defendants again moved for a more definite statement, after which plaintiff was again granted leave to amend his complaint. Plaintiff's second amended complaint for libel was filed January 14, 1986. It concerned only one article published in the Reporter. The article at issue was published shortly after plaintiff was appointed New Mexico Secretary of Corrections. It reported that plaintiff had previously worked for a United States government agency and had been assigned to various South American countries at times when there were allegations of police torture in those countries.

Defendants again moved for a more definite statement. The court denied the motion, but granted defendants' motion to dismiss. Dismissing the second amended complaint is the subject of this appeal.

Plaintiff raises four issues on appeal: (1) the trial court erred in dismissing for failure to state a claim; (2) the second amended complaint was not barred by the statute of limitations; (3) other pleading defects, raised in the motion to dismiss, were not cause for dismissal; and (4) there was no merit to defendants' collateral estoppel defense. Defendants concede the trial court did not base its dismissal on the collateral estoppel argument and have not briefed this issue on appeal. We therefore do not address this issue. Because we affirm the trial court on the first issue, we do not reach issues two and three.

## WHETHER PLAINTIFF'S COMPLAINT STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. *McNutt v. New Mexico State Tribune Co.*, 88 N.M. 162, 538 P.2d 804 (Ct.App.1975). For purposes of the motion, the well-pleaded material allegations of the complaint are taken as admitted, but conclusions of law or unwarranted deductions of fact are not admitted. *C & H Constr. & Paving, Inc. v. Foundation Reserve Ins. Co.*, 85 N.M. 374, 512 P.2d 947 (1973). A complaint may be dismissed on motion if it is clearly without any merit, and the want of merit may consist of an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim. *Id.*

> [W]ith all of the rules of liberality prevailing in favor of a pleader, "The pleading still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief'; it is not enough to indicate merely that the plaintiff has a grievance, but sufficient detail must be given so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery."

*Kisella v. Dunn*, 58 N.M. 695, 700, 275 P.2d 181, 184 (1954) (quoting 2 J. Moore, *Moore's Federal Practice* ¶ 8.13 (2d Ed. 1948)).

Allegedly defamatory publications can fall into one of three categories: libel per se, libel per quod, and not actionable. P. Higdon, *Defamation in New Mexico,* 14 N.M.L.Rev. 321, 326 (1984). To be libelous per se, the writing alone must tend to render the plaintiff contemptible or ridiculous in public estimation, or expose him to public hatred, contempt, or disgrace. *Monnin v. Wood,* 86 N.M. 460, 525 P.2d 387 (Ct.App.1974). Libel per quod consists of written expressions which, although not actionable on their face, are either susceptible of two reasonable interpretations, one of which is defamatory and another of which is innocent, or may become defamatory when considered in connection with innuendo and explanatory circumstances. *Marchiondo v. New Mexico State Tribune Co.,* 98 N.M. 282, 648 P.2d 321 (Ct.App. 1981), *overruled on other grounds, Marchiondo v. Brown,* 98 N.M. 394, 649 P.2d 462 (1982). Publications which do not fall into one of these categories do not support a libel claim. Finally, for a plaintiff who is a public figure to maintain a cause of action for defamation against this defendant, he must plead and prove actual malice. *New York Times Co. v. Sullivan,* 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *McNutt v. New Mexico State Tribune Co.; see also Sands v. American G.I. Forum of N.M., Inc.,* 97 N.M. 625, 642 P.2d 611 (Ct. App.1982).

Plaintiff was a public official at the time of the publication. *See Hardin v. Santa Fe Reporter, Inc.,* 745 F.2d 1323 (10th Cir.1984) (holding that plaintiff's chief aide was required to show actual malice because he was a public official). Under *New York Times Co. v. Sullivan,* he is thus required to show that defendants published the statements with "actual malice" —that is, with knowledge that they were false or with reckless disregard of whether they were false or not.

The complaint states that defendants "knew or should have known that said defamatory statements were false and/or false in their innuendo and Defendants acted with malice and/or reckless disregard for the truth or falsity in publishing their statements in said article." It has been said that general conclusions such as "without just cause" or "maliciously" are insufficient to support a libel claim without allegations of fact to support them. *See Roketenetz v. Woburn Daily Times, Inc.,* 1 Mass.App. 156, 294 N.E.2d 579 (1973). It has also been said that "actual malice," required by *New York Times Co. v. Sullivan,* is akin to deceit and misrepresentation and should, like fraud, be pleaded with particularity greater than the bare phrase. *Id.* The rule in New Mexico appears to be otherwise. *See* SCRA 1986, 1–009(B) (malice may be averred generally); *Arizona Biochemical Co. v. Hearst Corp.,* 302 F.Supp. 412 (S.D.N.Y.1969) (applying federal law and holding that plaintiff is not required to include in the complaint the facts upon which proof of actual malice can be based). However, in view of our decision that the statements in the newspaper article are not actionable, we do not reach the question of whether plaintiff adequately pled actual malice.

We now turn to the allegations in the complaint. There is no allegation that the article meets the definition of libel per se. *See Monnin v. Wood.* Plaintiff appears to be attempting to set out a claim for libel per quod when he alleges that "[d]efendants also knew or should have known extrinsic facts which made the publication defamatory in its innuendo."

Plaintiff refers to several sentences contained in the article and states about each that "[t]he plain and obvious import of this statement, or its innuendo, as understood by the ordinary reader" is that plaintiff engaged in torture in South America, or was fully aware of torture occurring, or was involved in torture and its cover-up. The article states that plaintiff spent "most of his career in an overseas agency closely linked to brutal police torture in Latin America," later identified as the United States Office of Public Safety (OPS), and that while on special assignment for OPS in 1970 plaintiff advised the Columbian police. The article, based on an interview with a former State Department employee, then quotes the source to the effect that police torture was widespread in Latin America,

that there was official United States knowledge of such torture, and that the OPS was involved with local police repression. The complaint does not point to any specific allegation in the article, and we find none, in which plaintiff is personally accused of participating in torture. In fact, the source is quoted as saying that he knew nothing personally about plaintiff's personal involvement or participation in the torture, but that plaintiff must have known what was going on.

An action for defamation lies only for statements of fact and not for statements of opinion. *See Kutz v. Independent Publishing Co.*, 97 N.M. 243, 638 P.2d 1088 (Ct.App.1981). "A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." *Restatement (Second) of Torts* § 566 (1977). If the material as a whole contains full disclosure of the facts upon which the publisher's opinion is based and which permits the reader to reach his own opinion, then generally the statement may be said to be an opinion, rather than an assertion of fact. *Kutz v. Independent Publishing Co.* The threshold inquiry in this case is whether the material of which plaintiff complains includes a protected statement of opinion. We believe it does.

The supreme court has indicated that there are several relevant considerations in distinguishing statements of opinion from statements of fact.

What constitutes a statement of opinion as distinguished from a statement of fact must be determined in each case. In resolving the distinction, the following should be considered: (1) the entirety of the publication; (2) the extent that the truth or falsity may be determined without resort to speculation; and (3) whether reasonably prudent persons reading the publication would consider the statement as an expression of opinion or a statement of fact.

*Marchiondo v. Brown,* 98 N.M. at 401, 649 P.2d at 469. The relevant uniform jury instruction is similar. *See* SCRA 1986, 13–1004 (a court should consider the entirety of the communication, its context, and whether reasonable persons would be likely to understand the communication to be a statement of the defendant's opinion or a statement of fact).

Under this standard, the statement that plaintiff must have known what was going on falls within the category of opinion rather than fact. The source identifies his factual premises, and he bases a conclusion on those premises. The source specifically disclaims any knowledge that plaintiff was personally involved. Thus, the rule that the statement may be defamatory if it implies private knowledge is not applicable. *See Marchiondo v. Brown.* Under these circumstances, the statements pled include a statement of opinion that will not support a cause of action for defamation. *See Marchiondo v. Brown; see also* 13–1004.

The underlying factual statements concerning OPS present different issues. First, if defendant bases his expression of a derogatory opinion on false and defamatory facts, he may be liable for the statements of facts, even though the statement of opinion is not actionable. However, plaintiff has not attacked the underlying factual statements as false. Further, in order to state a claim for defamation in New Mexico, plaintiff must allege publication, to a third person by defendant, of an asserted fact "of and concerning the plaintiff." *See* Higdon, *supra,* at 322. Otherwise, the pleading will not show a basis for relief. *See Blatty v. New York Times Co.,* 42 Cal.3d 1033, 232 Cal.Rptr. 542, 728 P.2d 1177 (1986) (In Bank). No action lies for publication of defamatory words concerning a group or class of persons unless the group or class is so small that the matter can reasonably be understood to refer to the plaintiff, or unless the circumstances of publication reasonably give rise to the conclusion that there is particular reference to the member. *Restatement (Second) of Torts* § 564A (1977); *Church of Scientology of California v. Flynn,* 744 F.2d 694 (9th Cir.1984); *Poorbaugh v. Mullen,* 99 N.M. 11, 653 P.2d 511 (Ct.App.1982);

*Granger v. Time, Inc.*, 174 Mont. 42, 568 P.2d 535 (1977).

In this case, the allegations are that United States officials knew of torture, that the OPS was implicated in torture, and that plaintiff worked for the OPS. The article does not refer specifically to plaintiff as an employee of OPS implicated in torture, particularly in view of the fact that the source stated that he knew of no personal involvement by plaintiff. For this reason, we conclude that the allegations are insufficient to show that the underlying factual statements concerning OPS are "of and concerning plaintiff." *Cf. Kentucky Fried Chicken of Bowling Green, Inc. v. Sanders*, 563 S.W.2d 8 (Ky.1978) (as the size of the class increases, it becomes more and more difficult for one to show that he was the one at whom defamatory statement was directed); *Blatty v. New York Times Co.* (generally, if statement concerns a group of over 25 members, plaintiffs cannot show statement was "of and concerning them").

Criticism of government, however impersonal it may seem on its face, may not be transmuted into personal criticism, and hence potential libel, of the officials of whom the government is composed. In *New York Times Co. v. Sullivan*, the United States Supreme Court said:

> Raising as it does the possibility that a good-faith critic of government will be penalized for his criticism, the proposition relied on by the Alabama courts [that plaintiff had a cause of action for criticism of a government agency based on the bare fact of his official position] strikes at the very center of the constitutionally protected area of free expression. We hold that such a proposition may not constitutionally be utilized to establish that an otherwise impersonal attack on governmental operations was a libel of an official responsible for those operations.

*Id.* 376 U.S. at 292, 84 S.Ct. at 732 (footnote omitted).

For these reasons, we conclude the trial court did not err in dismissing plaintiff's complaint for failure to state a claim. Finally, we note that the trial court gave plaintiff several opportunities to state a claim. As indicated above, plaintiff has failed to do so. While the rules of liberality favor the pleader, in an appropriate case the trial court is entitled to conclude that a plaintiff cannot state the claim he is attempting to assert. This is such a case.

**CONCLUSION.**

For the above reasons, we hold that plaintiff's second amended complaint did not state a claim for libel and was correctly dismissed. Both parties have asked for oral argument, but it is the view of the panel that oral argument is not necessary. Therefore, the requests are denied. *See Garcia v. Genuine Parts Co.*, 90 N.M. 124, 560 P.2d 545 (Ct.App.1977). The trial court is affirmed. No costs are awarded.

IT IS SO ORDERED.

BIVINS and ALARID, JJ., concur.