877 P.2d 1106 (1994)
117 N.M. 802
Russell LUCERO and Charles Lucero, Plaintiffs-Appellants,
v.
Kenny SALAZAR and Richard Rohlfs, Defendants-Appellees, and
City of Albuquerque and Bob Stover, Defendants.
No. 14498.
Court of Appeals of New Mexico.
May 11, 1994.
Certiorari Denied June 23, 1994.
Ray Twohig, Ray Twohig, P.C., Albuquerque, for plaintiffs-appellants.
Margo J. McCormick, Robert C. Gutierrez, Miller, Stratvert, Torgerson & Schlenker, P.A., Albuquerque, for defendants-appellees.

OPINION
APODACA, Judge.
Plaintiffs Charles and Russell Lucero (Plaintiffs) appeal the trial court's dismissal of Counts I and II of their complaint against Defendants Kenny Salazar and Richard Rohlfs (Defendants). Plaintiffs raise the following issues on appeal: (1) whether the trial court erred in dismissing Plaintiffs' complaint for failure to state a claim for which immunity from suit was waived under the Tort Claims Act, NMSA 1978, §§ 41-4-1 to -12 (Repl.Pamp.1989); and (2) whether the trial court erred in ruling that Plaintiffs did not plead facts sufficient to establish state interference with their constitutional rights. Because we hold that Plaintiffs' complaint failed to state a claim sufficient to waive immunity from suit under the Tort Claims Act, we affirm the trial court's dismissal of Plaintiffs' complaint.

BACKGROUND
Plaintiffs' complaint alleged that Carlos Lucero, Plaintiffs' natural father, was shot and killed without justification by Defendant Rohlfs, an on-duty Albuquerque police officer. The complaint also alleged that Defendant Salazar assisted Defendant Rohlfs in the unlawful killing. Plaintiffs contended in Count I that, by intentionally killing their father, Defendants intentionally deprived Plaintiffs of their relationship with their father and thereby violated their right "to enjoy *1107 life and seek and obtain happiness as guaranteed by Article II, Section 4 of the New Mexico Constitution." In Count II, they alleged that Defendants' action violated "their rights to association as guaranteed by Article II, Section 17 of the New Mexico Constitution." A third count was dismissed on Plaintiffs' motion and is not at issue in this appeal.
After Defendants filed a motion to dismiss Plaintiffs' complaint for failure to state a claim or, alternatively, for summary judgment, the trial court dismissed Plaintiffs' complaint for failure to state a claim under SCRA 1986, 1-012(B)(6) (Repl.1992). Plaintiffs appealed the trial court's judgment only as to Defendants Salazar and Rohlfs in their capacity as state actors. The City of Albuquerque and Bob Stover, chief of police, who were originally named as defendants, are therefore not parties to this appeal.

DISCUSSION
Plaintiffs argue that Defendants' immunity was waived under the Tort Claims Act. They rely on Section 41-4-12 of the Act, which provides that "[t]he immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for... deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties." The constitutional rights that Plaintiffs allege were violated are their personal rights to associate with their father and receive his love, guidance, and protection, which they argue are guaranteed by Article II, Sections 4 and 17 of the New Mexico Constitution.
This Court must interpret Section 41-4-12 consistently with the legislature's intent and adopt a construction that will not render the statute's application absurd, unreasonable, or unjust. City of Las Cruces v. Garcia, 102 N.M. 25, 26-27, 690 P.2d 1019, 1020-21 (1984). In considering a motion to dismiss, well-pleaded facts are taken as established. Saenz v. Morris, 106 N.M. 530, 531, 746 P.2d 159, 160 (Ct.App.1987). Initially, we note that Plaintiffs rely in part on Article II, Section 17. That section guarantees the individual's right to "freely speak, write and publish his sentiments on all subjects" and provides that truth is a defense in libel actions. Plaintiffs cite no authority, and we are not aware of any, holding that Article II, Section 17, of the New Mexico Constitution was intended to guarantee "rights of association." Cf. U.S. Const. amend. 1 (freedom of assembly guaranteed); Futrell v. Ahrens, 88 N.M. 284, 286, 540 P.2d 214, 216 (1975) (recognizing even federal constitutional right of association does not apply to the right of one individual to associate with another).
Article II, Section 4 of our Constitution states that "[a]ll persons are born equally free, have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness." The scope of the right to enjoy life and pursue happiness stated in Article II, Section 4 of the New Mexico Constitution, and whether violation of that section's provisions gives rise to a cause of action under the Tort Claims Act, has not been determined. Cf. California First Bank v. State, 111 N.M. 64, 76, 801 P.2d 646, 658 (1990) (refusing to reach issue because not properly raised). But see Oldfield v. Benavidez, 116 N.M. 785, 790, 867 P.2d 1167, 1172 (1994) (recognizing the fourteenth amendment to the United State Constitution embodies a right to familial integrity but stating "[t]he parameters of the right have never been clearly established, and the right is not absolute or unqualified.").
It is clear, however, that mere references to the right to enjoy life and to seek and obtain safety and happiness are not sufficient to serve as a basis for a waiver of immunity under Section 41-4-12. Blea v. City of Espanola, 117 N.M. 217, 221, 870 P.2d 755, 759 (Ct.App.1994) (relying on Caillouette v. Hercules, Inc., 113 N.M. 492, 497, 827 P.2d 1306, 1311 (Ct.App.), cert. denied, 113 N.M. 352, 826 P.2d 573 (1992)). "Waiver of immunity based on such constitutional grounds would emasculate the immunity preserved in the Tort Claims Act." Id. Blea also held that the plaintiffs, the decedent's parents, could proceed on their separate *1108 claim that their federal constitutional right of familial association had been violated. Id. 117 N.M. at 222, 870 P.2d at 760. In so holding, however, the panel in Blea was persuaded by the defendants' concession that there was such a right under the federal constitution. Thus, the allegation that the right had been violated was sufficient to waive immunity under Section 41-4-12. Id. at 222-23, 870 P.2d at 760-61. For this reason, Blea was not required to address the issue raised herethe extent of the defendants' duty to prevent a violation of such a right. This issue is squarely raised in the case before us, and we therefore consider it.
However, even assuming Plaintiffs have a cause of action, based on Article II, Section 4 of the New Mexico Constitution, we agree with Defendants' argument that, as a matter of law, Plaintiffs were unforeseeable as injured parties, and therefore Defendants owed no duty to them. See Calkins v. Cox Estates, 110 N.M. 59, 62, 792 P.2d 36, 39 (1990) ("The court must determine as a matter of law whether a particular defendant owes a duty to a particular plaintiff."). "The determination of duty in any given situation involves an analysis of the relationship of the parties, the plaintiff's injured interests and the defendant's conduct; it is essentially a policy decision based on these factors that the plaintiff's interests are entitled to protection." Id. at 63, 792 P.2d at 40. The issue of the existence of a duty is made with reference to legal precedent, statutes, and other legal principles. Id. at 62, 792 P.2d at 39, see also Torres v. State, 116 N.M. 379, 383, 862 P.2d 1238, 1242 (Ct.App.), cert. granted, 116 N.M. 379, 862 P.2d 1238 (1993).
Although couched in constitutional terms, the injury alleged by Plaintiffs is analogous to an allegation of negligent infliction of emotional distress. We believe similar policy considerations are applicable to both types of injuries. In Ramirez v. Armstrong, 100 N.M. 538, 673 P.2d 822 (1983), our Supreme Court discussed the requirements for a claim of negligent infliction of emotional distress. The plaintiffs were the children of a man who was killed when he was struck by a car. Id. at 539-40, 673 P.2d at 823-24. Although Ramirez recognized that the intimate familial relationship was a legally protected interest, it adopted certain standards intended to ensure that the interest was foreseeable, so that the possibility of recovery by deserving claimants would be assured and the liability of defendants constrained. Id. at 541, 673 P.2d at 825. The Court stated that:
In New Mexico, negligence encompasses the concepts of foreseeability of harm to the person injured and of a duty of care toward that person. Bogart v. Hester, 66 N.M. 311, 347 P.2d 327 (1959).
....
Duty and foreseeability have been closely integrated concepts in tort law since the court in Palsgraf v. Long Island Railroad Co., 248 N.Y. 339, 162 N.E. 99 (1928)[,] stated the issue of foreseeability in terms of duty. If it is found that a plaintiff, and injury to that plaintiff, were foreseeable, then a duty is owed to that plaintiff by the defendant.
Id. To establish who was a foreseeable plaintiff in situations where negligent infliction of emotional distress was alleged, Ramirez established the following criteria:
1. There must be a marital, or intimate familial relationship between the victim and the plaintiff, limited to husband and wife, parent and child, grandparent and grandchild, brother and sister and to those persons who occupy a legitimate position in loco parentis;
2. The shock to the plaintiff must be severe, and result from a direct emotional impact upon the plaintiff caused by the contemporaneous sensory perception of the accident ...;
3. There must be some physical manifestation of, or physical injury to the plaintiff resulting from the emotional injury;
4. The accident must result in physical injury or death to the victim.
Id. 100 N.M. at 541-42, 673 P.2d at 825-26. But see Folz v. State, 110 N.M. 457, 460, 797 P.2d 246, 249 (1990) (eliminating physical manifestation of injury requirement). Based on these criteria, Ramirez held that the children who witnessed their father's death had valid claims of negligent infliction of emotional distress, but that the child who did not *1109 witness the accident and the young friend who witnessed the accident did not have claims. Id. at 543, 673 P.2d at 827.
We also consider the basis of the holding in Solon v. WEK Drilling Co., 113 N.M. 566, 829 P.2d 645 (1992), to be applicable to the claim asserted by Plaintiffs here. In Solon, our Supreme Court held that the parents of an adult child were not foreseeable plaintiffs for purposes of asserting a claim for loss of consortium, which was defined as the deprivation of "companionship, society, and affection." Id. at 570, 829 P.2d at 649. This claim is equivalent to Plaintiffs' claim of loss of association. Solon stated:
We have no hesitancy in holding as a matter of law that the existence and interests of the Ponces and their relationship with their son were unforeseeable to defendant WEK Drilling. While it is foreseeable that someone who is not provided a safe place to work will have living parents, the same can be said of the other relatives standing in an "intimate familial relationship" with a tort victim: his or her spouse, parent, child, grandparent, grandchild, brother, sister, and (in the case of a minor) others occupying a position of in loco parentis (citation omitted). The social policy of cutting off the liability that would otherwise extend to these family members seems sound, at least in a case in which they allege no more palpable injury than that claimed here.
Id. at 571, 829 P.2d at 650.
Without citation to authority, Plaintiffs contend that Solon is inapplicable to this case because a "constitutional," rather than a tort, analysis is required. We are not persuaded. The Tort Claims Act expressly provides that "[l]iability for acts or omissions under the Tort Claims Act shall be based upon traditional tort concepts of duty and the reasonably prudent person's standard of care in the performance of that duty." Section 41-4-2(B); see Bober v. New Mexico State Fair, 111 N.M. 644, 652, 808 P.2d 614, 620 (1991). We therefore consider the reasoning of Ramirez and Solon to be applicable to Plaintiffs' claim that they were deprived of their right to intimate association with their father.
Additionally, the discussions in Ramirez and Solon are consistent with the public policy underlying the Tort Claims Act:
The legislature recognizes the inherently unfair and inequitable results [that] occur in the strict application of the doctrine of sovereign immunity. On the other hand, the legislature recognizes that while a private party may readily be held liable for his torts within the chosen ambit of his activity, the area within which the government has the power to act for the public good is almost without limit, and therefore government should not have the duty to do everything that might be done.
Section 41-4-2(A); see also Caillouette, 113 N.M. at 497, 827 P.2d at 1311 (refusing to find a waiver of immunity based on wrongful death statute and Article II, section 4 of New Mexico Constitution because to do so would eliminate the principle of sovereign immunity). Cf. Torres, 116 N.M. at 383-84, 862 P.2d at 1242-43 (holding that officers are not liable to additional victims of murderer because there is no duty to promptly investigate and solve every reported homicide). We thus construe the language of Section 41-4-2(A) as evincing a legislative intent not to waive immunity for injuries to indirect or incidental victims of tortious acts committed by government employees.

CONCLUSION
In summary, assuming that the right to intimate association is encompassed within Article II, Sections 4 and 17 of the New Mexico Constitution, we hold that, as a matter of law, Plaintiffs were unforeseeable, as injured parties, and Defendants therefore had no duty toward them. We thus conclude that the trial court did not err in dismissing Plaintiffs' claims.
IT IS SO ORDERED.
ALARID and BLACK, JJ., concur.