691 So.2d 557 (1997)
Timothy C. ADAMS and Geoffrey Cox, etc., Appellants,
v.
WFTV, INC., d/b/a WFTV-Channel 9, etc., et al., Appellees.
No. 96-126.
District Court of Appeal of Florida, Fifth District.
April 11, 1997.
Arthur I. Jacobs of Jacobs & Associates, Fernandina Beach, for Appellants.
David L. Evans of Mateer & Harbert, P.A., Orlando, and Jonathan D. Hart of Dow, Lohnes & Albertson, Washington, D.C., for Appellees.
PER CURIAM.
Appellants are 637 commercial net fishermen who appeal the trial court's dismissal of their amended complaint with prejudice. The complaint alleged that the appellees, three television stations, knowingly broadcasted false paid political advertisements that led to the passage of Amendment 3 to the Florida Constitution. They allege that the advertisements were staged to characterize net fishermen as insensitive to fish resources and endangered species. Because Amendment 3 essentially banned commercial net fishing in the coastal waters of Florida, the appellants urge that the appellees were responsible for the loss of their livelihood.
Although the allegations of the one count complaint are not clear as to the cause of action relied upon by the appellants, it appears that they are attempting to allege "group defamation."
We align ourselves with those jurisdictions which recognize that in order for a group defamation to be actionable by a member of that group when there is no specific reference to a member (no plaintiff was named or depicted in the advertisement), the group must be small enough for the defamation to be reasonably understood to refer to that member. See Prosser and Keeton, The Law of Torts, § 111 (5th ed., West 1984); Restatement (Second) of Torts, § 564A, comment b (proposing that 25 members be the maximum group size). Anyanwu v. Columbia Broadcasting System, Inc., 887 F.Supp. 690 (S.D.N.Y.1995) (court considered a libel action brought by a Nigerian businessman on behalf of himself and 500 other Nigerians engaged in international business with U.S. citizens; plaintiff claimed that this class had been libeled by a "60 Minutes" segment which allegedly suggested that all Nigerians engaged in international business with U.S. citizens were fraudulent and deceitful; granting a motion to dismiss filed by CBS, the court stated, inter alia, that no case had been found in New York in which a group larger than 60 had been allowed to proceed with a group libel claim and that this group was too large to allow individual unspecified member to sue for libel); Weatherhead v. Globe Intern. Inc., 832 F.2d 1226 (10th Cir.1987) (court affirmed the dismissal of a class action libel suit brought by 955 Kansas dog breeders; Kansas court aligned itself with other jurisdictions and opined, inter alia, that under group libel, if statement concerns group sufficiently large that it cannot reasonably be understood to apply to plaintiff particularly, *558 it is not actionable in the absence of content or circumstances reasonably specifying plaintiff individually); National Nutritional Foods Ass'n v. Whelan, 492 F.Supp. 374 (S.D.N.Y.1980) (an action for libel was brought against a nutritionist and a physician by a trade association of health food distributors and three individual members of the association; plaintiffs claimed that they had been libeled by a conspiracy dedicated to destroying the health food industry; court granted summary judgment for the defendants, stating that the allegedly libelous statements were not addressed to any particular plaintiff, but to a class with thousands of members involved in the health food industry, and that there could be no cause of action for the defamation of an industry); Kentucky Fried Chicken of Bowling Green, Inc. v. Sanders, 563 S.W.2d 8 (Ky.1978) (libel action was brought by a Kentucky Fried Chicken franchise against Colonel Sanders; Sanders had referred to a then current KFC recipe as "a damn fried dough ball stuck on some chicken" and to the gravy as "wall paper paste"; the court granted Sanders' motion to dismiss, opining that to defame a class, statement must be applicable to every member of the class, and if the words used contain no reflection upon any particular individual, no averment can make them defamatory; as the size of the class increases, it becomes more and more difficult for one to show that he was the one at whom the statement was directed; the court thus found there were over 5,000 KFC outlets throughout the world, and there was nothing in Sanders' remark singling out the Bowling Green franchise); Neiman-Marcus v. Lait, 13 F.R.D. 311 (S.D.N.Y.1952) (court considered a claim for libel arising from a book that suggested, inter alia, that the saleswomen in the Dallas Neiman-Marcus department store were prostitutes; 30 of the 382 saleswomen filed a libel claim on their own behalf as representative of a class consisting of all the saleswomen; court dismissed the saleswomen's claim stating that where the group or class disparaged by alleged libellous publication is a large one, in absence of circumstances pointing to a particular plaintiff as the person defamed, a plaintiff as an individual member of the group or class, has no cause of action). See also O'Brien v. Williamson Daily News, 735 F.Supp. 218 (E.D.Ky.1990), aff'd, 931 F.2d 893 (6th Cir. 1991) (group of 27 teachers too large to bring libel claim); Michigan United Conservation Clubs v. CBS, Inc., 665 F.2d 110 (6th Cir. 1981) (summary judgment against a class consisting of Michigan hunters, numbering approximately one million, who brought a libel claim over a "60 Minutes" broadcast critical of hunters); Barger v. Playboy Enterprises, Inc., 564 F.Supp. 1151 (N.D.Cal. 1983), aff'd, 732 F.2d 163 (9th Cir.1984), cert. denied, 469 U.S. 853, 105 S.Ct. 175, 83 L.Ed.2d 110 (U.S.Cal.1984) (motion to dismiss granted in libel case brought by "Hell's Angels' brides and mommas" at one time numbering 600); Gintert v. Howard Publications, Inc., 565 F.Supp. 829 (N.D.Ind.1983) (summary judgment for defendants on libel claim brought by eight named plaintiffs on behalf of themselves and all 165 property owners in a subdivision); Loeb v. Globe Newspaper Co., 489 F.Supp. 481 (D.C.Mass. 1980) (summary judgment granted where 24 of 325 employees of newspaper brought libel claim against another newspaper for an editorial which called the employees paranoid); Mario's Enterprises, Inc. v. Morton-Norwich Products, Inc., 487 F.Supp. 1308 (W.D.Ky.1980) (one of 391 "Mario's" restaurants could not bring group libel action); Schuster v. U.S. News & World Report, Inc., 459 F.Supp. 973 (D.C.Minn.1978), aff'd, 602 F.2d 850 (8th Cir.1979) (summary judgment against class of laetrile distributors numbering over 1000 who brought libel claim for article criticizing the effectiveness of laetrile); Granger v. Time, Inc., 174 Mont. 42, 568 P.2d 535 (1977) (summary judgment against a class of owners of buildings that had burned down asserting libel claim based on article about arson); Robinson v. Guy Gannett Pub. Co., 297 F.Supp. 722 (D.C.Me.1969) (dismissal with prejudice of libel claim brought by one of many distributors of goods for sale to deaf persons based on article about such distributors).
AFFIRMED.
PETERSON, C.J., and GOSHORN and ANTOON, JJ., concur.