712 So.2d 395 (1997)
Buddy BROWN, Mark Taylor, Mike Davis, and James R. Johns, Appellants,
v.
NEW WORLD COMMUNICATIONS OF TAMPA, INC., d/b/a WTVT-Channel 13; Citicasters, Inc., d/b/a WTSP-Channel 10; Scripps Howard Broadcasting, Inc., d/b/a WFTS-Channel 28; Tampa Television, Inc., d/b/a WFLA-Channel 8, Appellees.
No. 96-04875.
District Court of Appeal of Florida, Second District.
December 3, 1997.
Arthur I. Jacobs of Jacobs & Peters, P.A., Fernandina Beach, for Appellants.
Gregory G. Jones of Law Offices of Gregory G. Jones, Tampa, for Appellee New World Communications.
C. Philip Campbell, Jr. and Cynthia L. Bulan of Shumaker, Loop & Kendrick, LLP, for Appellee Citicasters.
Gregg Darrow Thomas, Carol Jean LoCicero and David S. Bralow of Holland & Knight, Tampa, for Appellee Tampa Television.
No appearance for Appellee Scripps-Howard Broadcasting.
BLUE, Acting Chief Judge.
Four individual appellants contend the trial court erred in dismissing their defamation complaint with prejudice. The complaint alleges four Tampa television stations continued to broadcast advertisements opposed to commercial net fishing after receiving actual notice the advertisements were false and misleading. The advertisements allegedly led Florida voters to enact a constitutional amendment that resulted in the total loss of the appellants' livelihood. Because we agree the appellants failed to satisfy the "of and concerning" requirement of a defamation cause of action, we affirm.
The issue before us has been decided adversely to the appellants' position by two other district courts. See Thomas v. Jacksonville Television, Inc., 699 So.2d 800 (Fla. 1st DCA 1997); Adams v. WFTV, Inc., 691 So.2d 557 (Fla. 5th DCA 1997). Thomas and Adams more than adequately analyze the law applicable to this case. The sole distinction between the present case and Thomas and Adams is that those cases were styled as class actions, while the appellants in this case sought damages for defamation as individuals. Because the individual appellants failed to allege any basis for distinguishing themselves from commercial net fishermen as a class, which Thomas and Adams found to be too large to meet the "of and concerning" test, they were unable to meet the "of and concerning" requirement necessary to plead individual claims for defamation.
Although there is no necessity for us to write, in light of the well reasoned opinions by the Fifth and First Districts in Adams and Thomas, we do so to join in the concern expressed by Judge Joanos in Thomas. We too are troubled that if the allegations in the defamation complaint could be proven and the defendant television stations continued to broadcast commercial advertisements after receiving credible information that the ads contained false and misleading material, there has occurred, at a minimum, a violation of the public trust. At the worst, a class of citizens of this state, including the four individual appellants in this case, may have sustained substantial damages for which the law fails to provide any relief.
Affirmed.
QUINCE and NORTHCUTT, JJ., concur.