**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0318n.06
Filed: June 3, 2008

**No. 06-6358**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| CHRISTO LASSITER, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| SHARLENE LASSITER, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| **Defendant-Appellee,** | ) | |
| | ) | **MEMORANDUM** |
| | ) | **OPINION** |

**BEFORE: NORRIS, GIBBONS and GRIFFIN, Circuit Judges.**

**PER CURIAM.** Plaintiff sued his ex-wife claiming that her autobiographical book defamed him. The allegedly defamatory portions of the book describe two incidents of physical assault by plaintiff against defendant, and an allegation that plaintiff committed adultery during their marriage. After a bench trial, the district court entered judgment in favor of the defendant. Plaintiff appeals.

As to the assault claims, the trial court found defendant's testimony the more credible, concluding that she met her burden of proving the truth of the statements, a complete defense to defamation. Turning its attention to the adultery claims, the court found that while the defendant did not succeed in proving the truth of her statements, the adultery allegations constituted defendant's opinion and were not actionable. Under Kentucky law, an expression of opinion can be defamatory,

but is "actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." *Yancey v. Hamilton*, 786 S.W.2d 854, 857 (Ky. 1989) (quoting Restatement (Second) of Torts § 566 (1977)). The court found that, in defendant's book, she explained why she believed that plaintiff committed adultery, including the facts upon which her opinion rested. The statements in the book did not imply the existence of undisclosed defamatory facts.

Having carefully reviewed the book in controversy, the record below, and the briefs submitted by the parties, we are persuaded that the district court was not clearly erroneous in its credibility-based finding of fact regarding the truth of the assault claims, and properly analyzed the adultery claims as non-actionable statements of opinion. Rather than issue a detailed opinion, which would serve no useful purpose, we adopt the reasoning of the district court set forth in its Opinion, found at *Lassiter v. Lassiter*, 456 F. Supp. 2d 876 (E.D. Ky. 2006).

In an alternative holding, the district court noted that it would require a plaintiff to prove the falsity of defamatory statements by clear and convincing evidence before granting injunctive relief. Since we find no actionable defamatory statements, we need not reach this issue.

The judgment is **AFFIRMED.**