RENDERED:  SEPTEMBER 23, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0314-MR

JOHN DOE 1; JOHN DOE 2; JOHN
DOE 3; JOHN DOE 4; JOHN DOE 5;
JOHN DOE 6; JOHN DOE 7; JOHN
DOE 8; JOHN DOE 9; AND JOHN
DOE 10                                                                    APPELLANTS


APPEAL FROM KENTON CIRCUIT COURT
v.          HONORABLE KATHLEEN S. LAPE, JUDGE
ACTION NO. 19-CI-01351


ANA VIOLETA NAVARRO FLORES;
ADAM EDELEN; CLARA JEFFERY;
JEFFREY SHAUN KING; JODI
JACOBSON; KATHY GRIFFIN;
KEVIN M. KRUZE; MAGGIE
HABERMAN; MATTHEW JOHN
DOWD; AND REZA ASLAN[1]                                           APPELLEES

---

[1]  Although Deborah Haaland and Elizabeth Warren were named as Appellees in the notice of appeal, they were previously dismissed as parties to the underlying litigation by the United States District Court for the Eastern District of Kentucky, Northern Division at Covington in November 2019 because the claims against them are barred by sovereign immunity under the Federal Tort Claims Act.  The Supreme Court of Kentucky has held:

> "Absolute immunity refers to the right to be free, not only from the consequences of the litigation's results, but from the burden of defending oneself altogether." *Fralin & Waldron, Inc. v. Henrico [Cnty.,] Va.*, 474 F. Supp. 1315, 1320 (D.C. Va. 1979); 63C Am.Jur.2d, Public Officers and Employees, § 308 (1997).  As stated by the U.S. Supreme Court, the "essence of absolute

OPINION<br>AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; COMBS AND DIXON, JUDGES.

DIXON, JUDGE:  John Does 1-10 appeal from the order of dismissal, amended order of dismissal, and order granting their motion to alter, amend, or vacate the orders of dismissal, entered by the Kenton Circuit Court on February 10, 2021, February 23, 2021, and March 12, 2021, respectively.  Following review of the record, briefs, and law, we affirm.

---

immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525, 105 S. Ct. 2806, 2815, 86 L. Ed. 2d 411, 424 (1985).  It allows the possessor the right to avoid being "subjected to the cost and inconvenience and distractions of a trial." *Tenney v. Brandhove*, 341 U.S. 367, 377, 71 S. Ct. 783, 788, 95 L. Ed. 1019, 1027 (1951) (legislators).

Immunity from suit includes protection against the "cost of trial" and the "burdens of broad-reaching discovery" that "are peculiarly disruptive of effective government." *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396, 409-10 (1982) (qualified immunity for presidential assistants).  Immunity from suit exists not for the benefit of the possessor "but for the benefit of the public." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218, 18 L. Ed. 2d 288, 294 (1967) (judges).

*Lexington-Fayette Urban Cnty. Gov't v. Smolcic*, 142 S.W.3d 128, 135 (Ky. 2004).  Since Haaland and Warren have been found immune from suit, they are not properly before us as parties to this appeal.

-2-

**FACTS AND PROCEDURAL BACKGROUND**

John Does 1-10 ("Does") were minor students of Covington Catholic High School. On January 18, 2019, Does traveled with their classmates to Washington, D.C., to attend the March for Life. Afterward, Does and their classmates met at the Lincoln Memorial to await their bus. Members of the Black Hebrew Israelites were at the Lincoln Memorial and insulted the students. Native American activist leader Nathan Phillips was also at the Lincoln Memorial singing, chanting, and playing his drum. In response, some students engaged in school cheers, and performed a tomahawk chop "cheer." These encounters were filmed and uploaded with commentary to various forms of media. Many people took offense to the students' behavior and called for their punishment, shaming, and doxing.

Among a myriad of cases arising out of the same incident, Does 1-8 sued Ana Violeta Navarro Flores, Adam Edelen, Clara Jeffery, Jeffrey Shaun King, Jodi Jacobson, Kathy Griffin, Kevin M. Kruze, Maggie Haberman, Matthew John Dowd, and Reza Aslan[2] for defamation per se in state court. Thereafter, Does 1-10[3] amended their complaint adding claims of intrusion upon seclusion and

---

[2] As previously noted, Deborah Haaland and Elizabeth Warren were also named defendants, but subsequently found immune from suit by the United States District Court in 2019.

[3] No explanation has been offered concerning why Does 9 and 10 were not included in the original complaint but added to the amended complaint.

negligent infliction of emotional distress against each defendant, as well as a claim of harassment against Kathy Griffin. Each defendant moved the trial court to dismiss Does' claims. All the defendants, except Adam Edelen, moved to dismiss Does' claims against them due to lack of personal jurisdiction. Edelen, a Kentucky resident, moved the trial court to dismiss Does' claims against him due to their failure to state a claim pursuant to CR[4] 12.02(f).

Eventually the trial court granted the defendants' motions to dismiss finding that Does had failed to establish personal jurisdiction over all defendants except Edelen and had failed to state claims for defamation, intrusion upon seclusion, and negligent infliction of emotional distress against Edelen.[5] This appeal followed.

## STANDARD OF REVIEW

Appellees moved the trial court to dismiss the complaint under CR 12.02(b) for lack of personal jurisdiction and CR 12.02(f) for failure to state a claim upon which relief can be granted. Because the question of jurisdiction is an issue of law, our review is *de novo*. *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 54 (Ky. 2011).

---

[4] Kentucky Rules of Civil Procedure.

[5] Curiously, the trial court purported to dismiss Does' claims against Deborah Haaland and Elizabeth Warren even though they were previously dismissed as immune by the United States District Court in 2019.

Concerning failure to state a claim, Kentucky's highest court has observed:

> A motion to dismiss for failure to state a claim upon which relief may be granted "admits as true the material facts of the complaint." So a court should not grant such a motion "unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . ." Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." This exacting standard of review eliminates any need by the trial court to make findings of fact; "rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?" Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo.

*Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (footnotes omitted).

## ANALYSIS

On appeal, Does raise multiple arguments. We will address each, in turn.

First, Does argue the trial court erred in finding no personal jurisdiction over all defendants, except Edelen. For those defendants, Does admit that the allegedly defamatory statements at issue in the case herein were "published out-of-state"; however, they argue the statements were "accessible in the Commonwealth [of Kentucky] through social media[.]" They contend that this

satisfies Kentucky's long-arm statute under KRS[6] 454.210(2)(a)3., which provides "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's . . . [c]ausing tortious injury by an act or omission in this Commonwealth[.]"

Does argue that, because the tort of libel occurs wherever the offending material is circulated, the circulation of the offending material in Kentucky subjects those defendants to personal jurisdiction under KRS 454.210(2)(a)3. They rely on *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 777, 104 S. Ct. 1473, 1479, 79 L. Ed. 2d 790 (1984) (citing RESTATEMENT (SECOND) OF TORTS § 577A, Comment a (1977)), which held, "The tort of libel is generally held to occur wherever the offending material is circulated." However, at least in Kentucky, print circulation – such as that discussed in *Keeton* – is treated differently than internet circulation for jurisdictional purposes. Just as the means and methods of communication have evolved, so have the corresponding legal analyses as to what actions will subject an actor to personal jurisdiction in our courts.

A separate case concerning the same incident as herein recently analyzed this issue in Kentucky in *Blessing v. Chandrasekhar*, 988 F.3d 889 (6th Cir. 2021). *Blessing* involved formerly anonymous plaintiffs and out-of-state

---

[6] Kentucky Revised Statutes.

defendants – including Kathy Griffin, one of the defendants in the case now before us, and the same two online posts (or "tweets") made by Griffin to Twitter. *Id.* at 893.

In *Blessing*, plaintiffs claimed Griffin's tweets were "acts" committed in Kentucky for jurisdictional purposes since they called for others to act against plaintiffs in Kentucky, thereby causing "tortious and harmful consequences" in Kentucky. Unfortunately for Does, that is not consistent with Kentucky law. *Id.* at 901.

Since *Pierce v. Serafin*, 787 S.W.2d 705, 706 (Ky. App. 1990), Kentucky courts have dismissed the notion that an out-of-state defendant commits an "act" in Kentucky by sending a tortious communication into the state. *Blessing*, 988 F.3d at 901-02. In so doing, Kentucky courts have "distinguished between tortious *acts* and tortious *consequences*." *Id.* at 901 (emphasis added). Kentucky courts have further recognized that the phrase causing a "tortious injury in this Commonwealth by an act or omission outside this Commonwealth" would have no meaning if plaintiffs' theory was accepted. *Id.* at 902 (emphasis omitted). Our courts also acknowledge that if the legislature desires to broaden the long-arm statute to bring claims such as these within its reach, it certainly may; however, it is not the court's place to rewrite this statute. *Id.* at 902-04.

The *Blessing* court ultimately determined that, in solely relying on their own flawed statutory interpretation, its plaintiffs failed to establish personal jurisdiction over its defendants. For similar reasons, we must affirm the trial court's dismissal of Griffin and her nonresident codefendants herein. Does have failed to allege that these defendants *acted* within Kentucky to confer specific personal jurisdiction over them through the long-arm statute or that they had sufficient contacts with Kentucky to grant our courts general jurisdiction over them.

Next, Does turn to the merits of their claims. We will only review the claims against Edelen as he is the only defendant that was not dismissed for lack of personal jurisdiction. First, however, we must address the elephant in the room: is it even possible to make an anonymous claim for defamation? It defies logic to think anyone could present proof of defamation anonymously. The notion is so preposterous that Does have not pointed to any case law that allows them to proceed in this manner, nor have we found any.

Additionally, CR 10.01 requires complaints to include the names of all the parties. Yet, it is accepted that:

> the court may recognize an exception to this rule and permit plaintiffs to proceed pseudonymously. *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996). Several factors guide the analysis of whether a plaintiff's privacy interest substantially outweighs the presumption of open judicial proceedings. *Doe v. Stegall*, 653 F.2d 180, 185

-8-

(5th Cir. 1981); [*Shakur*, 164 F.R.D. at 360]. These factors include: (a) whether the plaintiffs seeking anonymity are suing to challenge governmental activity, (b) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy," and (c) whether a child plaintiff is involved. *Stegall*, 653 F.2d at 185. In this case, these factors justify the plaintiffs' anonymity.

*Doe v. Harlan Cnty. School Dist.*, 96 F. Supp. 2d 667, 670 (E.D. Ky. 2000). The *Stegall* court was careful to clarify that "we do not mean to imply that all civil rights suits mounted in the name of children may be prosecuted anonymously." *Stegall*, 653 F.2d at 186. Here, it appears there was no request to the trial court for Does to proceed anonymously, nor any analysis conducted by the trial court as to whether they were entitled to do so. Nonetheless, the only factor favoring an anonymous pursuit of these claims is Does' youth, which – although it is certainly not dispositive – may no longer even be applicable. Moreover, and as a practical matter, if Does' claims of defamation were to proceed, they would be unable to prove them without eventually revealing their identities.

Looking at the claim of defamation against Edelen and the allegedly defamatory statements made by him: Edelen's tweet reads, "This is outrageous and abhorrent behavior. I hope part of any punishment is to ensure they read a history book on how America's indigenous people have been treated. The parents and school that produced these boys need to do some serious soul-searching." The

tweet also provided a link to a story titled, "Native American says he sought to quell tension[,]" which was not written by Edelen.[7]

Under Kentucky law, defamation requires:

(a) a false and defamatory statement concerning another;

(b) an unprivileged publication to a third party;

(c) fault amounting at least to negligence on the part of the publisher; and

(d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication.

---

[7] The entirety of that article reads:

> FRANKFORT, Ky. – A Native American organizer of a march in Washington, D.C., says he felt compelled to get between a group of black religious activists and largely white students with his ceremonial drum to defuse a potentially dangerous situation.
>
> Nathan Phillips on Sunday recounted for the Associated Press how he came to be surrounded by a group of students from a Catholic boys' high school in Kentucky in an encounter captured on videos that are circulating online. Some of the students were wearing "Make America Great Again" hats.
>
> Phillips was participating in Friday's Indigenous Peoples March. The students had attended the March for Life rally the same day.
>
> Videos also show members of the activist group yelling insults at the students, who taunt them in return.
>
> Videos also show students chanting, laughing and jeering as Phillips sings and plays the drum.
>
> A Kentucky diocese has issued an apology to the Ypsilanti, Michigan, man.

A link to a video was also included with the article so readers could observe what occurred and form their own impressions, interpretations, and opinions concerning the events.

*Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 282 (Ky. 2014) (footnote omitted) (quoting RESTATEMENT (SECOND) OF TORTS § 558).

The first requirement for a defamation claim is that the challenged statements be "about" or "concerning" the plaintiff(s). *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 793 (Ky. 2004), *overruled on other grounds by Toler*, 458 S.W.3d 276. "[T]he plaintiff need not be specifically identified in the defamatory matter itself so long as it was so reasonably understood by plaintiff[']s 'friends and acquaintances . . . familiar with the incident.'" *Stringer*, 151 S.W.3d at 794 (quoting *E. W. Scripps Co. v. Cholmondelay*, 569 S.W.2d 700, 702 (Ky. App. 1978)).

Even so, "where defamatory statements are made against an aggregate body of persons, an individual member not specially imputed or designated cannot maintain an action." *See, e.g.*, *Louisville Times v. Stivers*, 252 Ky. 843, 847, 68 S.W.2d 411, 412 (1934) (citation omitted). For an individual plaintiff to bring a defamation action based on such comments, "the statement must be applicable to every member of the class, and if the words used contain no reflection upon any particular individual, no averment can make them defamatory." *Kentucky Fried Chicken of Bowling Green, Inc. v. Sanders*, 563 S.W.2d 8, 9 (Ky. 1978). In either event, it is impossible for Does to satisfy their burden of proof on this element without revealing their identities.

Furthermore, the first element of a defamation claim also requires the statement(s) be false. It is well-established that "'a statement of opinion relating to matters of public concern which does not contain a provably false factual connotation will receive full constitutional protection' and that 'statements that cannot reasonably [be] interpreted as stating actual facts, are not actionable.'" *Jolliff v. N.L.R.B.*, 513 F.3d 600, 610 (6th Cir. 2008) (some internal quotation marks omitted) (quoting *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 20, 110 S. Ct. 2695, 2706, 111 L. Ed. 2d 1 (1990)). Just as in other cases arising from the aftermath of the events occurring at the Lincoln Memorial on January 18, 2019, this case concerns "groups of citizens who were assembled in the nation's capital to support or oppose various causes of importance to them. This is inherently a matter of public concern." *Sandmann v. WP Co. LLC*, 401 F. Supp. 3d 781, 789 (E.D. Ky. 2019).[8]

"[T]he falsity requirement is met only if the statement in question makes an assertion of fact – that is, an assertion that is capable of being proved objectively incorrect[,]" *Clark v. Viacom Int'l, Inc.*, 617 F. App'x 495, 508 (6th Cir. 2015) (citing *Milkovich*, 497 U.S. at 20, 110 S. Ct. at 2706), or otherwise

---

[8] Of note, that court found the statements at issue were not "about" Sandmann, matters of opinion, and not defamatory. The court more recently held statements that Sandmann "blocked" Phillips were "protected opinions[,]" granting summary judgments in favor of those defendants in *Sandmann v. New York Times Company*, 2:20CV23 (WOB), 2022 WL 2960763, at *8 (E.D. Ky. Jul. 26, 2022).

"connotes actual, objectively verifiable facts." *Compuware Corp. v. Moody's Invs. Servs., Inc.*, 499 F.3d 520, 529 (6th Cir. 2007). The statements contained in Edelen's tweet are incapable of being proved objectively incorrect and amount to nothing more than Edelen's opinion.

Kentucky has adopted the view of Restatement (Second) of Torts § 566, which states: "A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." *See Lassiter v. Lassiter*, 456 F. Supp. 2d 876, 881 (E.D. Ky. 2006), *aff'd*, 280 F. App'x 503 (6th Cir. 2008). "Pure opinion . . . occurs where the commentator states the facts on which the opinion is based[.]" *Id.* Herein, Edelen disclosed the facts on which his opinion was based by including a link to the article in his tweet.[9] Thus, the trial court did not err in finding that Edelen's tweet consisted of pure opinion and was not defamatory as a matter of law.

## CONCLUSION

Therefore, and for the foregoing reasons, the orders of the Kenton Circuit Court are AFFIRMED.

---

[9] Contrary to the allegations in Does' amended complaint, neither Edelen's tweet nor the article it linked contained "false statements" that "the kids interrupted an indigenous march, stopped and blocked a Native American elder and Vietnam War veteran from continuous participation in that event, surrounded him in a threatening manner, and taunted him, as a [N]ative American elder, with chants of 'build the wall' to mock an elderly [N]ative American in the middle of an indigenous march."

-13-

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Robert E. Barnes
Derek A. Jordan
Los Angeles, California

Kevin L. Murphy
Fort Mitchell, Kentucky

BRIEF FOR APPELLEE ADAM
EDELEN:

Alyson Beridon
Cincinnati, Ohio

Benjamin A. Gastel
Nashville, Tennessee

BRIEF FOR APPELLEE CLARA
JEFFERY:

Tenaya Rodewald
Menlo Park, California

Matthew G. Halgren
San Diego, California

Jason P. Renzelmann
Louisville, Kentucky

Kevin T. Shook
Columbus, Ohio

BRIEF FOR APPELLEES JODI
JACOBSON AND KEVIN KRUZE:

Jon L. Fleischaker
Michael P. Abate
William R. Adams
Louisville, Kentucky

BRIEF FOR APPELLEE KATHY
GRIFFIN:

Adam Siegler
Los Angeles, California

Michael J. Grygiel
Albany, New York

J. Stephen Smith
Fort Mitchell, Kentucky

John C. Greiner
Cincinnati, Ohio


BRIEF FOR APPELLEE MAGGIE
HABERMAN:

Kevin T. Shook
Columbus, Ohio

Jason P. Renzelmann
Louisville, Kentucky