638 P.2d 1088

**Jack KUTZ, Plaintiff-Appellant,**

v.

**The INDEPENDENT PUBLISHING COMPANY, INC.; Mark D. Acuff, and Mary Beth Acuff, Defendants-Appellees.**

No. 5023.

Court of Appeals of New Mexico.

Dec. 8, 1981.

Charles P. Reynolds, Ortega & Snead, P. A., Albquerque, for plaintiff-appellant.

Ernesto J. Romero, Romero & Vigil, P. A., Albquerque, for defendants-appellees.

OPINION

WALTERS, Chief Judge.

Defendants, a weekly newspaper and its publisher and editor, published an almost-full page article criticizing the content of a particular issue of another weekly newspaper. Near the end of defendants' article appeared a paragraph which is the genesis of this appeal. It reads:

> Then for the encore, the *News* actually printed a piece by rabid environmentalist Jack Kutz, who used to send us letters so violent we turned them over to the police.

Kutz filed a "Complaint in Libel" alleging in Count I that the comments were "libelous per se, and wholly untrue." In Count II, he claimed negligent failure of the editor and publisher to ascertain the accuracy of the facts published, to his damage and ridicule in the community; in Count III, that the individual defendants were employed by and acting on behalf of the publisher; and in Count IV, that defendants caused publication with the "specific intention of damaging plaintiff's reputation and standing in the community and/or in reckless and total disregard" for his reputation and standing.

Defendants filed a motion to dismiss for failure to state a claim; after argument, the trial court dismissed the complaint with prejudice.

The contentions of the parties can be stated succinctly. Plaintiff argues:

1. A Rule 12(b)(6) motion requires the court to accept all well pleaded facts as true; plaintiff has alleged that defendant made false statements, plaintiff's reputation was damaged, he was held up to ridicule in the community; ergo, he has stated a claim for relief and the complaint should not have been dismissed.

2. The allegedly false statements published by defendants were not privileged as only opinion or fair comment.

Defendants respond:

1. The statement was opinion, and therefore was absolutely privileged.

The record does not disclose that any discovery was undertaken by either party.

At the argument on the motion, however, the allegedly defamatory article was introduced as Exhibit A. Consequently, the motion to dismiss was converted to one for summary judgment, N.M.R.Civ.P. 12(b)(6), N.M.S.A. 1978, and it is in that posture that this appeal is brought to us.

The defense to a claim of libel entails several considerations, principal among which is whether the statement is opinion or a false statement of fact. If it is opinion only it is a privileged communication;[1] but if it is a false statement of fact, it is "not worthy of constitutional protection"[2] and it may subject the publisher to liability. On the other hand, should the statement be one of fact, the next question is then whether plaintiff is a public figure whose burden is to prove that defendants published a false statement "with knowledge that it was false or with reckless disregard of whether it was false or not"[3] in order to recover in a libel action. In the present state of this record we do not yet reach the second question.

The New Mexico decisions are not helpful in resolving the question before us. None have thus far dealt with classifying the allegedly defamatory material as fact or opinion. Yet, it is a precursory issue that must be addressed because, as one author on the subject notes, the Supreme Court opinion in *Gertz v. Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1971), which reaffirmed that the tort of libel or slander rises or falls on a constitutional analysis,

> lead[s] inexorably to a powerful syllogism: A defamation is actionable only if it is false; opinions cannot be false; therefore opinions can never be actionable even if defamatory.

*R. Sack, Libel, Slander, and Related Problems* 154 (1980).

The inquiry, whether the statement is opinion or fact, has been held to be a matter of law for the court to decide. *Letter Carriers v. Austin*, 418 U.S. 264, 94 S.Ct. 2770, 41 L.Ed.2d 745, (1974); *Greenbelt Coop. Pub. Ass'n, Inc. v. Bresler*, 398 U.S. 6, 90 S.Ct. 1537, 26 L.Ed.2d 6 (1970).

Since *Gertz v. Welch, supra,* however, the courts have clothed that naked declaration with a preliminary caveat. In *Good Government Group v. Superior Court*, 22 Cal.3d 672, 150 Cal.Rptr. 258, 586 P.2d 572, 576 (1978), the California Supreme Court made it clear that the question is one of law for the judge only when "the statement unambiguously constitutes either fact or opinion. Where ... the allegedly libelous remarks could have been understood by the average reader in either sense, the issue must be left to the jury's determination."

It is emphasized by Sack, *supra,* at 154–160, ch. IV. 2.–3. (1980), that a determination of fact or opinion depends, first of all, on whether ordinary persons reading the statement would likely understand it to be an expression of the publisher's opinion or a statement of existing fact. He further points out that if it is an opinion not accompanied by an accurate statement of facts upon which it was based, the reader may understand it to suggest underlying facts that are defamatory. Sack writes, at pages 165–66 of his text, ch. IV. 3.2:

> Courts in the vast majority of states have held that fair comment [a form of opinion] is privileged only if it is based upon facts "truly stated." .... The rule finds justification in the view that, if the facts are stated, the reader is able to judge for himself whether the comment is well-founded.

Defendants rely on *Cianci v. New Times Publ. Co.*, 486 F.Supp. 368 (S.D.N.Y.1979); *Rinaldi v. Holt, Rinehart & Winston, Inc.*, 42 N.Y.2d 369, 397 N.Y.S.2d 943, 366 N.E.2d 1299 (1977); *Hotchner v. Castillo-Puche*, 551

---

1. *Gertz v. Welch, Inc.*, 418 U.S. 323, 339–340, 94 S.Ct. 2997, 3007, 41 L.Ed.2d 789 (1971): "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of judges and juries but on the competition of other ideas."

2. *Id.*

3. *New York Times v. Sullivan*, 376 U.S. 254, 279–280, 84 S.Ct. 710, 725–26, 11 L.Ed.2d 686 (1964).

F.2d 910 (2d Cir. 1977); *Gregory v. McDonnell Douglas Corp.*, 17 Cal.3d 596, 131 Cal. Rptr. 641, 552 P.2d 425 (1976); *Greenbelt Coop. Pub. Ass'n, Inc. v. Bresler, supra*, to justify the trial court's dismissal of this action. These and other similar cases agree and declare that whether the allegedly defamatory material be a statement of fact or opinion is a question of law for the court. A close reading of each of those cases does disclose the use of that language, or language of the same meaning; our perusal also reveals, however, that in each of those cases the qualifications mentioned by Sack were present: the determination that statements were opinion rather than fact, in each statement so evaluated, was reached only after a thorough examination of the complete publication regarding plaintiff. Thus, the rule evolves that if the material as a whole contains full disclosure of the facts upon which the publisher's opinion is based and which permits the reader to reach his own opinion, the court in most instances will be required to hold that it is a statement of opinion, and absolutely privileged. *Rinaldi, supra*, at 366 N.E.2d 1306, states this rule and it is typical of all of the cited cases.

*Cianci, supra*, was reversed by the Second Circuit in *Cianci v. New Times Pub. Co.*, 639 F.2d 54 (2d Cir. 1980). The appellate court there held that a statement which reasonably could only be understood as a charge imputing criminal or other wrongful acts is not constitutionally protected or privileged, even when there is no reliance on undisclosed facts, if the published opinion "conveys false representations of defamatory [underlying] facts." 639 F.2d at 65. *Cianci* strongly implies that only the truth of a charge of criminal activity which rests on misstatements or misrepresentations of disclosed "facts" is a defense to such a statement.

In *Anton v. St. Louis Suburban Newspapers, Inc.*, 598 S.W.2d 493 (Mo.App.1980), it was again stated that the court properly determines that a statement is an opinion and absolutely privileged when the facts upon which the opinion is based are fully set forth in the published communication.

To like effect are *Pease v. Telegraph Publ. Co., Inc.*, 426 A.2d 463 (N.H.1981); *Burns v. Denver Post, Inc.*, 606 P.2d 1310 (Colo.App. 1979); *Wehringer v. Newman*, 60 A.D.2d 385, 400 N.Y.S.2d 533 (1978); *Mashburn v. Collin*, 355 So.2d 879 (La.1977), to mention only a few other jurisdictions where the question has been raised. Those courts have found the alleged defamatory statements to be opinion because of defendants' full disclosure of underlying facts, or because there existed ready access to or undisputed awareness of those foundational facts in the public domain. Restatement (Second) of Torts, § 566 (1977) and Comment c to that section expressly set forth the rule of disclosure discussed in these and numerous other cases.

The Louisiana court, in *Mashburn v. Collin, supra*, formulated a basis for distinguishing between fact and opinion or fair comment, at 355 So.2d 885:

> An expression of opinion occurs when the maker of the comment states the facts on which his opinion of the plaintiff is based and then expresses a comment as to the plaintiff's conduct, qualifications or character; or when both parties to the communication know the facts or assume their existence and the comment is clearly based on the known or assumed facts in order to justify the comment.

Said otherwise:

> An assertion that cannot be proved false cannot be held libellous. A writer cannot be sued for simply expressing his opinion of another person, however unreasonable the opinion or vituperous the expressing of it may be....
>
> Liability for libel may attach, however, when a negative characterization of a person is coupled with a clear but false implication that the author is privy to facts about the person that are unknown to the general reader. If an author represents that he has private, first-hand knowledge which substantiates the opinions he expresses, the expression of opinion becomes as damaging as an assertion of fact.

*Hotchner v. Castillo-Puche, supra,* at 551 F.2d 913.

In the article claimed to be libelous, we think the average reader would have no difficulty in reading "rabid environmentalist" to be an expression of the writer's opinion. In itself, that description is not defamatory. An ordinary reader, taking that comment within the context of the entire article, would understand the adjective as "rhetorical hyperbole." *Greenbelt, supra,* at 398 U.S. 14, 90 S.Ct. 1541. That the letters allegedly sent to the editor at some previous time were "violent" also might be fairly considered a matter of vigorously-stated opinion. However, in conjunction with the remaining language, "...so violent [that] we turned them over to the police," the phrase then becomes one for speculation by the reader that the publisher possesses undisclosed and underlying facts suggesting that plaintiff, as a fact, wrote to the publisher in the past and that the content of those letters so clearly indicated, as a fact, that plaintiff intended or threatened to injure, harm, destroy, or damage (*see* "violent," "violence," "violate," Webster's Third New International Dictionary, 1976 ed.) someone or something, that intervention by or the attention of law enforcement authorities was necessary in order to protect the person or thing threatened.

In *Cianci v. New York Times Pub. Co.,* 639 F.2d 54, 62 (2nd Cir. 1980), the court pointed out that in the *Greenbelt* case, *supra,* the Supreme Court communicated "[t]he clear implication ... that if an accusation of actual criminal wrongdoing had been conveyed ... [the accusation] would have been held actionable, unless within a privilege of fair reportage of public proceedings."

Plaintiff contends that the phrase, "the same guy who used to send us letters so violent we turned them over to the police," is not only totally false, but that it likewise broadcasts a false implication about him to the general reader. It undeniably represents that the author has private, first-hand information to support the statement made.

Since this matter was decided as on a motion for summary judgment, with the allegedly defamatory article being the only material outside the pleadings, whether or not the asserted underlying, undisclosed information or the statement itself is false, we cannot tell.

But truth or falsity is not yet the issue in this appeal. Our present and preliminary question is whether the publication regarding plaintiff was one of fact, or one of opinion or fair comment. We are as well able to determine, as a matter of law, the categorization of the allegedly defamatory statement, under the rules developed for making such a determination, *supra,* as was the trial judge—particularly when that legal conclusion is drawn wholly from documentary evidence. *Martinez v. Martinez,* 93 N.M. 673, 604 P.2d 366 (1979). We can say, therefore, and we do, that there are implications in the statement upon which this lawsuit is based that the writer has private, underlying knowledge to substantiate his comments about plaintiff; and that even if it is merely opinion, none of the privately-held information appears in the article that would permit a reader to draw his own independent characterization or opinion of plaintiff. Indeed, although perhaps subordinate, the last seven words of the phrase can only be read as a suggestively accusatory statement of fact. Whether the other elements of negligent or wilful untruthfulness exist to sustain plaintiff's claim remains to be decided. Likewise, whether plaintiff may recover punitive damages will depend upon his ability to prove that the publication was made with knowledge of falsity or reckless disregard for the truth. *Gertz v. Welch, supra,* 418 U.S. at 349, 94 S.Ct. at 3011, 41 L.Ed.2d at 810; Restatement (Second) of Torts, § 621(d).

The opinion and fact distinctions drawn by the Supreme Court, and the issues of falsity or truth of underlying but undisclosed facts, appear consistent to some extent with New Mexico's classifications of libel *per se* and libel *per quod. See Reed v. Melnick,* 81 N.M. 608, 471 P.2d 178 (1970).

Because this case arrived in this court on the question of summary judgment, however, we do not have an issue before us at this time regarding the validity of the Uniform Jury Instructions of Chapter 10, adopted on December 22, 1980 and effective April, 1981, N.M.S.A.1978, which seem to be in conflict, in some instances, with those United States Supreme Court decisions. The application or modification of some of those instructions is a matter that will have to be resolved in the trial court at the proper time.

The order dismissing plaintiff's complaint with prejudice is reversed; the cause shall be reinstated on the trial docket.

IT IS SO ORDERED.

LOPEZ, J., concurs.

DONNELLY, J. (specially concurring).

DONNELLY, Judge (specially concurring).

I concur in the result reached by the majority but for the following reasons.

The trial court dismissed plaintiff's complaint for failure to state a claim upon which relief can be granted under N.M.R. Civ.P. 12(b)(6), N.M.S.A.1978, and determined that the alleged defamatory publication was constitutionally protected as a statement of opinion under the Supreme Court decision in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974). The basis for such privilege stems from dicta contained in *Gertz*. The issue involved in this appeal is a matter of first impression.

Whether a statement is privileged is a question of law for the court to decide. *Gengler v. Phelps*, 92 N.M. 465, 589 P.2d 1056 (Ct.App.), *cert. denied*, 92 N.M. 353, 588 P.2d 554 (1979); *Rosenblatt v. Baer*, 383 U.S. 75, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966); and whether an allegedly defamatory statement constitutes a statement of fact or opinion is a question of law for the court to determine. *Gregory v. McDonnell Douglas Corp.*, 17 Cal.3d 596, 131 Cal.Rptr. 641, 552 P.2d 425 (1976); *Bucher v. Roberts*, 198 Colo. 1, 595 P.2d 239 (1979), (en banc);

*Slawik v. News-Journal Company*, 428 A.2d 15 (Del.Supr.1981).

The court in *Gertz* stated: "Under the First Amendment there is no such thing as a false idea. However pernicious an opinion may seem, we depend for its correction not on the conscience of juries but on the competition of other ideas. But there is no constitutional value in false statements of fact."

From the above language in *Gertz*, the rule has evolved that there are two kinds of expressions of opinion: (1) Pure opinion, where the declarant states the facts on which he bases his opinion of plaintiff and then comments as to plaintiff's conduct, qualifications or character. Such opinions are based upon facts which are admitted or set forth in the publication itself. In such case, the reader is able to determine for himself whether the comment is well-founded or not. (2) The second type of opinion exists where a declarant states an opinion regarding the plaintiff and the comment creates a reasonable inference that the opinion is justified by the existence of undisclosed defamatory facts. The first category of opinion as described above has been declared as constitutionally protected in *Gertz*, however, the second type is not if the undisclosed facts are defamatory. Restatement (Second) of Torts, § 566 Comments b, c (1976).

The alleged defamatory statement which is the subject of this suit falls within the second classification of opinions recognized in *Gertz*. Thus, plaintiff's complaint is sufficient to withstand a motion to dismiss for failure to state a cause of action. Such determination of course does not reach the merits of plaintiff's claims. In the instant case, involving a comment implying the existence of undisclosed defamatory facts that justify the opinion:

It is the function of the court to determine whether an expression of opinion is capable of bearing a defamatory meaning because it may reasonably be understood to imply the assertion of undisclosed facts that justify the expressed opinion about

the plaintiff or his conduct, and the function of the jury to determine whether the meaning was attributed to it by the recipient of the communication.

Restatement (Second) of Torts § 566, Comment c.

Then, it is the truth of falsity of these undisclosed facts that must be determined and which are at issue.

Plaintiff's complaint asserts that defendants published the alleged defamatory statement concerning the defendant (1) negligently, (2) intentionally, or (3) with reckless disregard of plaintiff's reputation. Plaintiff has prayed for both general damages and punitive damages. No claim of special damages is alleged.

In the instant case in order to determine the sufficiency of plaintiff's complaint against defendants, it is essential to determine plaintiff's status as either a "public figure" or "private person," since such status is a key to ascertaining the sufficiency of the allegations of plaintiff's complaint in respect to claims for damages and the burden of proof that plaintiff must attempt to meet. Under the decision of the *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, 95 A.L.R.2d 1412 (1964), a plaintiff who is a "public official" may not recover damages for false defamatory publications relating to his official conduct unless he proves the statement was made with "actual malice." *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967), similarly requires proof of "actual malice" for defamatory statements of public figures." In *Gertz*, the court held that public officials and public figures may recover for defamatory publications only upon *clear and convincing proof* that the defamatory statement was made with "actual malice," that is, with knowledge of its falsity or with reckless disregard of the truth. *Gertz* further held that, in actions for defamation brought by "private persons," a state may not impose liability without fault, but may adopt an appropriate standard of fault. Although there is no reported New Mexico decision adopting a standard of liability in actions

by private persons against media defendants in the aftermath of *Gertz*, the drafters of N.M.U.J.I.Civ. 10.14, N.M.S.A.1978, (Repl.1980), have incorporated a negligence standard as to the requirement as to degree of fault. *Gertz* also enunciated the rule that a private person in a libel action against a media defendant may not recover damages except for "actual injury," unless he is able to prove such publication was made with "knowledge or falsity or reckless disregard for the truth." *See also Ammerman v. Hubbard Broadcasting, Inc.,* 91 N.M. 250, 572 P.2d 1258, (Ct.App.), *cert. denied,* 91 N.M. 249, 572 P.2d 1257 (1977).

Thus, an important issue in the instant case is whether plaintiff is determined to be a "private person" or a "public figure." Such determination necessarily affects the question whether plaintiff's proof must be by a preponderance of the evidence or by "clear and convincing evidence." Committee Comments N.M.U.J.I.Civ. 10.17.

Contrary to the decision in *Ammerman* and N.M.U.J.I.Civ. 10.18, the burden of pleading and proving truth or falsity may have been shifted from defendant to plaintiff by the *Gertz* decision. But it is also imperative to ascertain whether plaintiff is a "public figure" or "private person." As observed in Restatement (Second) of Torts § 580B, Comment j:

Since the constitutional requirement of negligence or a higher degree of fault is now applicable to defamation actions in general, it is clearly a restriction on the cause of action for defamation. For this reason it is unlikely to be called a "constitutional privilege." ... The burden of proof of showing fault is undoubtedly upon the plaintiff. ... As a practical matter, in order to meet the constitutional obligation of showing defendant's fault as to truth of falsity, the plaintiff will necessarily find that he must show the falsity of the defamatory communication.

There has been no indication that proof of fault in the ordinary defamation case must meet the unusual standard of "clear and convincing proof" that the Supreme Court has held to be required in showing

knowledge or reckless disregard as to falsity in an action by a public official or a public figure.

Determination of whether one is a "public figure" or a "private person" is a question of law. *Ammerman v. Hubbard Broadcasting, Inc., supra; Rosenblatt v. Baer, supra; Stone v. Essex County Newspapers, Inc.*, 367 Mass. 849, 330 N.E.2d 161 (1975). Necessarily, however, the court must have some evidence before it in order to make this decision. See also, N.M.U.J.I. Civ. 10.10.

Since *Gertz* clearly has had an impact upon the law of defamation in New Mexico, has raised unanswered questions as to the law of libel, and has imposed constitutional requisites relative to both pleadings and proof, it is vital to delineate the areas where the trial court properly may rule as a matter of law, and those areas where the issues may be left to the trier of fact. Since the issue before the trial court was a matter of first impression, in my opinion it is essential to articulate guidelines for the trial court in performing its role in ruling upon motions to dismiss for failure to state a claim and for summary judgment, where constitutional issues of privilege are asserted.