This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ERMINIO MARTINEZ,**

      Plaintiff-Appellee/Cross-Appellant,

v.                      **NO. 30,036**

**BILL WHALEY a/k/a WILLIAM
E. WHALEY, individually, and
HORSE FLY, LC,**

      Defendants-Appellants/Cross-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY
Eugenio Mathis, District Judge**

The Herrera Firm, P.C.
Samuel M. Herrera
Taos, NM

for Appellee

David Henderson
Santa Fe, NM

for Appellants

### MEMORANDUM OPINION

**FRY, Judge.**

Plaintiff Erminio Martinez filed a lawsuit for defamation and prima facie tort against Defendants Bill Whaley and Horse Fly LC for their publication of an online article criticizing Plaintiff's candidacy for the state legislature. In response to Plaintiff's lawsuit, Defendants filed a counterclaim for malicious abuse of process. The district court dismissed Plaintiff's lawsuit as well as Defendants' counterclaim. We reverse and remand for further proceedings.

**BACKGROUND**

Defendants published an article under the headline "Martinez and Taos News Flayed" in an online edition of Horse Fly, a local publication in Taos, New Mexico. The article, written by Defendant Whaley, criticized the decision of another local publication, The Taos News, to endorse Plaintiff as its choice for a vacancy in the state legislature. According to the article, Plaintiff was a retired magistrate court judge and a former bail bondsman. At issue in this appeal are two statements from the article, which read as follows:

> [Plaintiff] hustle[s] jailed inmates, who are down on their luck and take[s] advantage of their vulnerability to collect high fees for himself[.]
>
> . . . .
>
> During the testimony and according to documents in Horse Fly's possession, [Plaintiff] apparently and allegedly engaged in the forgery of court records.

Plaintiff filed a complaint against Defendants for defamation and prima facie tort arising out of the publication of the above two statements. The complaint alleged five counts. The first two counts addressed the statement that Plaintiff had "apparently and allegedly engaged in the forgery of court records" (the forgery statement). In Count I, Plaintiff alleged that this statement was defamatory per se because it was a factual assertion by Defendants that Plaintiff had committed a crime. As an alternative, in Count II, Plaintiff alleged that the forgery statement constituted defamation by implication. The next two counts addressed the statement that Plaintiff "hustle[s] jailed inmates . . . and take[s] advantage of their vulnerability to collect high fees for himself" (the hustling statement). In Count III, Plaintiff claimed that this statement constituted defamation per se because it also imputed criminal activity to him. Alternatively, in Count IV, Plaintiff alleged that the statement constituted defamation by implication. Finally, in Count V, Plaintiff claimed that both statements gave rise to a prima facie tort.

Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim, pursuant to Rule 1-012(B)(6) NMRA. Defendants also filed an answer to Plaintiff's complaint. In their answer, Defendants asserted a counterclaim for malicious abuse of process, arguing that Plaintiff had initiated the judicial proceedings in violation of Rule 1-011 NMRA.

After a hearing on Defendants' motion to dismiss, the district court granted the motion and dismissed Plaintiff's complaint in its entirety. The court specifically held that: (1) the hustling statement did "not constitute defamation because a reasonable person would have considered the phrase an opinion"; (2) the forgery statement did not constitute defamation when "read in context as a reasonable person would have understood the author, with the written qualifications"; and (3) the "First Amendment[] restrictions for false statements, in defamation actions, appl[y] to prima facie tort."

Plaintiff filed two motions to dismiss Defendants' counterclaim for malicious abuse of process. The district court dismissed Defendant's counterclaim after it determined that Plaintiff's complaint "was filed with probable cause" and without an "improper motive." This order served as the final order for purposes of appeal. This appeal followed. Both Plaintiff and Defendants appeal the district court's dismissal of their respective claims.

**DISCUSSION**

We first address the dismissal of Plaintiff's complaint for defamation and prima facie tort, and then move on to address the dismissal of Defendant's counterclaim for malicious abuse of process.

**Standard of Review**

4

We apply de novo review to a district court's decision to dismiss a case for failure to state a claim under Rule 1-012(B)(6). *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. "A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint." *Saenz v. Morris*, 106 N.M. 530, 531, 746 P.2d 159, 160 (Ct. App. 1987). We therefore "accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of the sufficiency of complaint." *Delfino*, 2011-NMSC-015, ¶ 9. "Dismissal on 12(B)(6) grounds is appropriate only if [the plaintiff is] not entitled to recover under any theory of the facts alleged in their complaint." *Id.* ¶ 12 (alteration in original) (internal quotation marks and citation omitted).

We also apply de novo review to the district court's dismissal of Defendants' counterclaim for malicious abuse of process. *See Durham v. Guest*, 2009-NMSC-007, ¶ 16, 145 N.M. 694, 204 P.3d 19.

**Dismissal of Plaintiff's Complaint for Defamation and Prima Facie Tort**

**A.     Defamation Claims**

We first address the dismissal of the first four counts of Plaintiff's complaint that alleged defamation per se or, in the alternative, defamation by implication. We ignore these purported distinctions and address the four counts as one claim of defamation. *See* UJI 13-1002 NMRA, comm. commentary (explaining that the jury

5

instructions for defamation abolish all distinctions between the "per se" and "per quod" varieties of defamation because they "no longer make sense"); *see also Moore v. Sun Publ'g Corp.*, 118 N.M. 375, 381, 881 P.2d 735, 741 (Ct. App. 1994) (treating defamation by implication in the same manner as libel per quod). In New Mexico, defamation is defined as "a wrongful and unprivileged injury to a person's reputation." UJI 13-1001 NMRA; *see Fikes v. Furst*, 2003-NMSC-033, ¶ 12, 134 N.M. 602, 81 P.3d 545 ("The primary basis of an action for libel or defamation is contained in the damage that results from the destruction of or harm to that most personal and prized acquisition, one's reputation." (internal quotation marks and citation omitted)). According to the framework of our Uniform Jury Instructions, the tort of defamation has nine elements, which the plaintiff has the burden of proving:

> (1) [t]he defendant published the communication; and (2) [t]he communication contains a statement of fact; and (3) [t]he communication was concerning the plaintiff; and (4) [t]he statement of fact was false; and (5) [t]he communication was defamatory; and (6) [t]he person[s] receiving the communication understood it to be defamatory; and (7) [t]he defendant acted with malice; and (8) [t]he communication caused actual injury to the plaintiff's reputation; and (9) [t]he defendant abused its privilege to publish the communication.

*See* UJI 13-1002(B).

Under the applicable standard of review, we review Plaintiff's complaint to determine whether Plaintiff has stated a claim for defamation, keeping in mind that we must accept as true all well-pleaded factual allegations in order to determine

6

whether Plaintiff may prevail under any theory of the facts alleged. Plaintiff alleged that: (1) Defendants published the hustling and forgery statements in the article to make the factual assertion that Plaintiff had committed criminal acts; (2) both statements contained a statement of fact which was false and defamatory; (3) Defendants acted with malice, intentionally, or with reckless disregard for the truth; and (4) the publication of the statements caused actual injury to Plaintiff's reputation. The underlying factual allegations consisted primarily of the online article and past encounters between Plaintiff and Defendant Whaley.

We conclude that Plaintiff's complaint has sufficiently stated claims for defamation arising out of the publication of the hustling and forgery statements. The district court's dismissal of the complaint apparently relied on its determination that, as a matter of law, Plaintiff was not entitled to relief under any theory of the facts alleged. The district court's dismissal on this basis was erroneous.

With regard to the defamation counts that arose from the publication of the forgery statement, the court determined that a reasonable person would not have understood the forgery statement to be defamatory in the context it was made and given the "qualifications" that were used. As stated earlier, the forgery statement was the italicized language below:

> During the testimony and according to documents in [Defendant] Horse Fly's possession, *[Plaintiff] apparently and allegedly engaged in the*

> *forgery of court records*—he was a poor speller like The Taos News—and misrepresented orders from the Administrative Office of the Courts (AOC); and even claimed the AG was representing him when it wasn't.

By "qualifications," the district court's order appeared to reference the terms "apparently and allegedly" above. It appears that the district court determined either that the statement was opinion rather than fact or that the recipient of the communication did not understand it to be defamatory. The district court's determination on either ground was improper in the context of a Rule 1-012(B)(6) motion to dismiss.

"[C]ommon law defamation will lie for false statements of fact but not for those statements that are but fair opinion." *Moore*, 118 N.M. at 382, 881 P.2d at 742. Although a court may determine that a statement is unambiguously opinion as a matter of law, *see Marchiondo v. Brown*, 98 N.M. 394, 404, 649 P.2d 462, 472 (1982), if an opinion "implies that it is based upon the existence of undisclosed facts[, it] is the same as a statement of fact." UJI 13-1004 NMRA. Here, the statement in question—that Plaintiff "apparently and allegedly engaged in the forgery of court records"—rested on the stated premise that the allegation came from "documents in [Defendant] Horse Fly's possession." Therefore, we conclude that, even if the statement regarding alleged forgery was a statement of opinion, the reference to documents implied the existence of undisclosed facts. *See* UJI 13-1004 Use Note

8

(explaining that when a court "determines that the alleged defamatory statement is or may be a statement of opinion, but further determines that the statement, if opinion, nonetheless may imply the existence of undisclosed facts," the question is one for the jury). Under these circumstances, "there is a triable issue of fact for the jury." *Marchiondo*, 98 N.M. at 404, 649 P.2d at 472 (internal quotation marks and citation omitted).

The same is true with respect to the question of defamatory meaning. When "an expression of opinion is capable of bearing a defamatory meaning because it may reasonably be understood to imply the assertion of undisclosed facts that justify the expressed opinion," it is "the function of the jury to determine whether [a defamatory] meaning was attributed to it by the recipient of the communication." UJI 13-1004 Use Note (citation omitted). While it is possible that Defendants, through discovery, will at some point be able to present enough evidence to allow the district court to rule on these issues as a matter of law in the context of a summary judgment motion, at this stage of the proceedings, Plaintiff has stated a claim sufficient to withstand Rule 1-012(B)(6) dismissal. *See Fikes*, 2003-NMSC-033, ¶¶ 17-19 (stating that summary judgment was granted in favor of the defendant where the defendant presented evidence, including deposition testimony, to show that the recipients did not attribute a defamatory meaning to the statements made by the defendant).

9

We also reverse the dismissal of Counts III and IV of Plaintiff's complaint, which concerned the hustling statement. These counts were based on Defendant's statement that "[Plaintiff] hustle[s] jailed inmates, who are down on their luck and take[s] advantage of their vulnerability to collect high fees for himself." The district court determined that the hustling statement did "not constitute defamation because a reasonable person would have considered the phrase an opinion" and not a statement of fact.

As we have noted, the question of whether a statement is opinion or fact "is one of law for the judge only when the statement unambiguously constitutes either fact or opinion." *Kutz v. Indep. Publ'g Co.*, 97 N.M. 243, 244, 638 P.2d 1088, 1089 (Ct. App. 1981) (internal quotation marks and citation omitted). Where, however, the statement "could have been understood by the average reader in either sense, the issue must be left to the jury's determination." *Id.* (internal quotation marks and citation omitted).

In the proceedings below, the parties presented two different interpretations of the word "hustle." Plaintiff argued that the word, in the context it was used, imputed to him the crime of obtaining money by fraud or deception. Defendants maintained that the word meant seeking out clients to make a profit. The district court considered these arguments and ruled that the hustling statement was clearly an opinion. On

appeal, Plaintiff argues that there is a disputed issue of fact with regard to the meaning of the word "hustle" and, thus, it was inappropriate for the district court to determine as a matter of law that the hustling statement constituted an opinion. We agree. If Plaintiff is able to prove that the average reader understood the word to have a criminal connotation, then he could be entitled to recover. Therefore, dismissal under Rule 1-012(B)(6) was improper. *See Delfino*, 2011-NMSC-015, ¶ 12 (stating that "[d]ismissal on 12(B)(6) grounds is appropriate only if [the plaintiff is] not entitled to recover under any theory of the facts alleged in their complaint" (alteration in original) (internal quotation marks and citation omitted)).

**B.     Prima Facie Tort Claim**

The district court also dismissed Plaintiff's claim for prima facie tort arising out of the publication of the forgery and hustling statements. Based on the somewhat unclear language of the order, we understand the district court to have determined that First Amendment protections rendering the two statements non-defamatory also extended to the prima facie tort claim. At the hearing on Defendants' motion to dismiss, the district court relied on *Andrews v. Stallings* in its decision to dismiss the prima facie tort claim. 119 N.M. 478, 493-94, 892 P.2d 611, 626-27 (Ct. App. 1995) (discussing the general principle that a prima facie tort claim "should not be permitted to duplicate, or remedy a defect in, another established cause of action" and on this

basis, dismissing a prima facie tort claim where the claim was "being asserted merely to circumvent the established defenses to defamation" (internal quotation marks and citation omitted)).

On appeal, Plaintiff does not direct any specific arguments to the dismissal of his prima facie tort claim. The closest indication of any argument as to this claim is found in two headings in Plaintiff's brief in chief, where he states that dismissal of Count V (the prima facie tort claim), among other claims, was erroneous because the forgery and hustling statements are "susceptible to being proven true or false . . . and thus, are not constitutionally protected." Aside from the headings, Plaintiff fails to make any specific argument regarding this claim in his briefing. This Court has no duty to review an argument that is not adequately developed. *Headley*, 2005-NMCA-045, ¶ 15.

Despite Plaintiff's failure to make a developed argument on the prima facie tort claim, we nevertheless reverse the district court's dismissal of this claim. It is clear that the district court's sole basis for dismissing the prima facie tort claim arose from Defendants' argument, and the court's determination, that the two statements were non-defamatory in nature and, thus, protected by the First Amendment. Once the court determined that Plaintiff's defamation claims failed as a matter of law, the court's reliance on *Andrews* further shows that it dismissed the prima facie tort claim

solely because the court believed the claim was being asserted merely to overcome obstacles in Plaintiff's suit for defamation. On appeal, however, because we have determined that the district court erred in dismissing the defamation claims, we also reverse the district court's dismissal of the prima facie tort claim. That dismissal was premised on the district court's erroneous conclusions of law regarding the defamation claims. The district court is free to revisit as needed the viability of Plaintiff's prima facie tort claim in later proceedings. *See Schmitz v. Smentowski*, 109 N.M. 386, 396, 785 P.2d 726, 736 (1990) (stating that if a plaintiff's proof of the prima facie tort claim "is susceptible to submission under one of the accepted categories of tort, the action should be submitted to the jury on that cause and not under prima facie tort").

**Dismissal of Defendants' Counterclaim for Malicious Abuse of Process**

We next consider Defendants' appeal of the district court's dismissal of their counterclaim for malicious abuse of process. This appeal arises from the filing of two motions to dismiss by Plaintiff subsequent to the dismissal of his defamation and prima facie tort claims.

At the outset, the parties dispute whether this Court can consider both of Plaintiff's motions to dismiss or whether our review is limited solely to Plaintiff's second motion to dismiss. Plaintiff contends that the district court only considered Plaintiff's second motion and, therefore, that we must limit our review accordingly.

We do not agree. Our review of the proceedings below indicates that the district court considered both motions. Specifically, we note that at the start of the relevant motions hearing, the district court stated that it had convened to consider both motions to dismiss filed by Plaintiff. Plaintiff's counsel also began his argument at this hearing by informing the district court that he would address both motions because they had "merged into each other." Furthermore, at the conclusion of the hearing, the district court in its oral ruling from the bench did not indicate that its decision was based solely on the second motion. Although we recognize that the district court's written order of dismissal states that it was issued on the basis of Plaintiff's second motion to dismiss, the district court considered arguments raised by the parties on both motions. Therefore, we see no reason to limit our review to the second motion only.

Plaintiff's first motion to dismiss appears to have been based on Rule 1-012(B)(6), although it does not explicitly state as much. The second motion also failed to state the explicit basis for dismissal, but Plaintiff's reply to Defendants' response clarified that he sought dismissal on the basis of both Rule 1-012(B)(6) and Rule 1-012(C). This lack of clarity in the district court pleadings is similar to the lack of clarity we have mentioned in connection with the appellate briefs.

The district court's order of dismissal also failed to state the basis for its dismissal of the counterclaim. The court's written order simply stated that it was

14

dismissing Defendants' counterclaim with prejudice for the following two reasons: (1) "Plaintiff's [c]omplaint was filed with probable cause" and (2) "Plaintiff did not file the motion with an improper motive." The district court's order does not specify whether the district court's determination was based on Rule 1-012(B)(6), Rule 1-012(C), or some other basis. It appears to us that the district court decided as a matter of law that Plaintiff's complaint was filed with probable cause and without an improper motive.

To the extent that the district court reached its decision on Rule 1-012(B)(6) grounds, the dismissal was improper because Defendants' counterclaim is sufficient to state a claim for malicious abuse of process. Our Supreme Court has identified the elements of the tort of malicious abuse of process as: "(1) the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge[,] (2) a primary motive in the use of process to accomplish an illegitimate end[,] and (3) damages." *Durham*, 2009-NMSC-007, ¶ 29. The first element, an improper use of process, may be shown in one of two ways: "(1) [the] filing [of] a complaint without probable cause[,] or (2) an irregularity or impropriety suggesting extortion, delay, or harassment." *Id.* (internal quotation marks and citation omitted).

15

In this case, Defendants' counterclaim alleged that Plaintiff initiated judicial proceedings against Defendants "without probable cause or [with] impropriety suggesting harassment by (1) knowing that the allegations of defamation would not pass constitutional muster and (2) inserting extraneous scandalous matters [into the complaint] regarding [Defendant Whaley's] son that have no bearing on any issue in this action in violation of [Rule] 1-011." The counterclaim further asserted that Plaintiff's "actions in bringing th[e] action [for defamation] and abusing process were malicious, willful, reckless and/or in wanton disregard" and therefore, that Defendants were entitled to damages. As for the factual allegations underlying the counterclaim, Defendants elected to incorporate the contents from their answer to Plaintiff's complaint, which specifically included their denial of Plaintiff's allegation that the forgery and hustling statements were false and that they were made with actual malice. In sum, Defendants asserted in their counterclaim that Plaintiff initiated his suit for defamation without probable cause, that he did so with impropriety suggesting harassment, that he had a malicious or willful motive, and that Defendants were entitled to damages as a result.

We conclude that Defendants have stated a claim for malicious abuse of process that is sufficient to withstand dismissal under Rule 1-012(B)(6). *See Schmitz*, 109 N.M. at 389-90, 785 P.2d at 729-30 ("[N]otice pleading does not require that every

theory be denominated in the pleadings—general allegations of conduct are sufficient, as long as they show that the party is entitled to relief and the averments are set forth with sufficient detail so that the parties and the court will have a fair idea of the action about which the party is complaining and can see the basis for relief.").

To the extent that the district court reached its decision on Rule 1-012(C) grounds, dismissal of the counterclaim on this basis was also erroneous. Our courts have construed a motion for judgment on the pleadings under Rule 1-012(C) as similar or, in certain circumstances, identical to a motion to dismiss for failure to state a claim under Rule 1-012(B)(6). *See Shovelin v. Cent. N.M. Elec. Coop., Inc.*, 115 N.M. 293, 302, 850 P.2d 996, 1005 (1993). Having already rejected Plaintiff's motion to dismiss on Rule 1-012(B)(6) grounds, we also reject the motion to the extent it is based on Rule 1-012(C).

Although the determination of probable cause for the tort of malicious abuse of process is a question of law, it is a "rare case in which both facts and inferences are undisputed." *Fleetwood Retail Corp. of N.M. v. Ledoux*, 2007-NMSC-047, ¶ 27, 142 N.M. 150, 164 P.3d 31. Our Supreme Court has stated that "while the court decides what facts amount to probable cause [for the tort of malicious abuse of process], when the facts or inferences are disputed, the jury must determine what the facts are before the court can decide the question of law." *Id.*; *see DeVaney v. Thriftway Mktg. Corp.*,

1998-NMSC-001, ¶ 41, 124 N.M. 512, 953 P.2d 277 ("[T]he circumstances surrounding the filing of the complaint [for the probable cause determination], if in dispute, must be resolved by a fact-finder."), *overruled on other grounds by Durham*, 2009-NMSC-007. In this case, Defendants asserted below and again on appeal that there are disputed issues of fact concerning the falsity of the statement and whether the statements were made with actual malice. We agree that these issues were material to the determination of whether Plaintiff initiated judicial proceedings without probable cause and therefore precluded the resolution of this issue as a matter of law. *See DeVaney*, 1998-NMSC-001, ¶¶ 44-46 (holding that where a defamation claim had been voluntarily dismissed before evidence could be presented to demonstrate the falsity of the statements or malice on the part of the defendant, there were unresolved issues of fact, material to the issue of probable cause, which precluded this determination as a matter of law). The district court may be in a position to decide the question of probable cause after the parties have undertaken discovery and presented the court with evidence in conjunction with a motion for summary judgment but, at this early stage, the counterclaim states a claim sufficient to withstand dismissal under either Rule 1-012(B)(6) or Rule 1-012(C).

**CONCLUSION**

18

For the foregoing reasons, we reverse the dismissal of Plaintiff's claims for defamation and prima facie tort. We also reverse the dismissal of Defendants' counterclaim for malicious abuse of process. We remand for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**MICHAEL E. VIGIL, Judge**