642 P.2d 611

**Robert L. SANDS, Plaintiff-Appellee,**

v.

**The AMERICAN G.I. FORUM OF NEW MEXICO, INC., and Pete Jimenez, Defendants-Third-Party Plaintiff-Appellants,**

v.

**John L. KRETZ, Third-Party Defendant-Appellee.**

**No. 5039.**

Court of Appeals of New Mexico.

Feb. 25, 1982.

626

Steven H. Schiff, William P. Gralow, Albuquerque, for plaintiff-appellee.

Jess C. Sandoval, Albuquerque, for American G.I. Forum and Pete Jimenez.

Roberto C. Armijo, Las Vegas, for Kretz.

## OPINION

LOPEZ, Judge.

The American G.I. Forum of New Mexico, Inc., (Forum), and Pete Jimenez, (Jimenez), appeal a judgment entered against them for $15,000.00 in a defamation suit filed by Robert L. Sands, (Sands). We remand with instructions.

Forum and Jimenez present seven points for reversal. The decisive issue in this appeal is whether the trial court committed error in applying the wrong standard quantum of proof in its judgment.

The case at bar arose from the transmittal of certain libelous material from Forum and its president to a promotion board considering Sands' appointment to the rank of Brigadier General in the New Mexico Air National Guard. After suit was instituted Forum brought a third-party action against the author of the defamatory statements, Kretz, third-party defendant appellee. After a non-jury trial, damages were awarded in the amount of $15,000.00 against Forum and its president Jimenez on a complaint by Sands, and against Kretz on a third-party complaint by Forum and Jimenez. Judgment was entered jointly and severally against Forum and Jimenez and third-party defendant Kretz, on December 11, 1980. Kretz cross-appealed against Forum and Jimenez, but he has dismissed his cross-appeal.

Forum is a veteran's family organization which is incorporated in the State of New Mexico and is an affiliate of a national organization known as the American G.I. Forum of the United States. The organization is composed of former armed forces veterans. Kretz was not a member of Forum, but he was a member of the United States Armed Forces. Sands was a Colonel in the New Mexico Air National Guard. He joined the New Mexico Air National Guard in 1952 rising to the rank of Colonel in 1966, and serving with the Air National Guard almost continuously for a period of 25 years. He was assigned to a position on the state staff by 1966. In January 1968, the New Mexico Air National Guard was called into federal service. Being on the state staff, Sands was not subject to a federal order of recall. However, he decided to go with his unit in the federal recall. He offered first to take a reduction in grade to permit his being removed from the state staff and assigned to a recall position in Viet Nam. When this was refused, he volunteered to take a 90 day tour of combat in Viet Nam despite being on the state staff. When this was refused, he volunteered to go to Viet Nam on an inspection visit and, while there, he flew one combat mission without authorization. Several years later, Sands was being considered by the United States Air Force for promotion to the rank of Brigadier General. Forum decided to block that promotion. It is the policy of Forum to gather evidence and statements to be presented concerning a person they believe to be inappropriate for an appointed position. Forum takes a position opposing the promotion or appointment of public officials who have been the subject of complaints indicating a pattern or practice of frequent violation of equal employment opportunity laws.

The case at bar arose when Forum and its president Jimenez transmitted an affidavit or purported affidavit, authored by Kretz, to the Secretary of the Air Force and to the press. The purported affidavit, which we will refer to as an affidavit, included one paragraph, numbered 17, containing libelous matters. Paragraph 17 reads as follows:

A further reason I am opposed to his nomination is that Jack Abercrombie,

then executive officer, told me that when our unit was called up for active duty in Viet Nam, he, at the request of Colonel Sands, backdated military orders assigning Colonel Robert L. Sands to the State staff in Santa Fe in order to avoid being sent to Viet Nam. I believe that a person who leads us in peace time but refuses to lead us in war time should not be a Brigadier General in our military forces.

The contents of paragraph 17 are the basis of Sands' claim against Forum and Jimenez.

The court found that Forum and its counsel and treasurer had assisted in the preparation of the Kretz affidavit, and that in doing so the attorney and its treasurer had acted on behalf of Forum and Jimenez. It also found that Jimenez had acted as agent for Forum in publishing the Kretz affidavit. The affidavit contained various paragraphs, but only paragraph 17 is the basis for a libel suit by Sands against Forum and Jimenez.

■ Forum and Jimenez challenge the judgment of the trial court on the grounds that actual malice was not proven by clear and convincing evidence, but by a preponderance of the evidence. In answer to this point Sands contends that this court has no jurisdiction to review this issue, because Forum and Jimenez did not preserve the issue for review pursuant to N.M.R.Civ.P. 46, N.M.S.A. 1978 (Repl.Pamph.1980). Apparently, Sands bases his jurisdictional argument on the fact that Forum and Jimenez did not request findings of fact and conclusions of law which set out the appropriate standard of proof. There are several factors in this case which make jurisdiction in this court appropriate.

1. Forum and Jimenez presented to the court a pretrial legal brief alerting the trial court to the required burden of proof requisite before trial.

2. The requested findings and requested conclusions of law submitted by Forum and Sands in their totality alerted and brought the attention of the trial court to the requirement of burden of proof in this case. Jimenez requested the following conclusions:

Conclusion No. 3. Plaintiff has not proved that Jimenez acted in reckless disregard for the truth or falsity of the statement.

Conclusion No. 5. Plaintiff failed to show that Jimenez and the defendant, Forum, acted with actual malice on their part against the plaintiff, Sands, when they made the statement because they had reason to believe it was credible.

Forum requested the following conclusions:

Conclusion No. 3. Plaintiff has not proved by preponderance of the evidence that the statements were made with actual malice.

Conclusion No. 5. Plaintiff has not proved that Pete Jimenez, defendant, acted in reckless disregard of the truth or falsity of the statement.

The court in its findings and conclusions does not mention if the preponderance of the evidence or the quantum of clear and convincing evidence standard was applied.

*New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964), would allow this court to review the issue because the matter is of a constitutional dimension. *New York Times v. Sullivan* contains the following statement regarding libel and first amendment considerations:

This court's duty is not limited to the elaboration of constitutional principles; we must in proper cases review the cases to make certain those principles have been constitutionally applied.... We must make an independent examination of the whole record ... so as to assure ourselves that the judgment does not constitute a forbidden intrusion on the field of free expression.

At the end of the plaintiff's case, Forum and Jimenez moved for a directed verdict to dismiss the plaintiff's case for failure to make a prima facie case, in particular because plaintiff failed to show actual malice, and because Sands was a public official at the time. Forum and Jimenez asked the court to allow argument to be deferred

until closing. The court denied the motions for directed verdict and proceeded with the defense. After all the evidence was presented and arguments made, the court made findings and comments from the bench. The Forum and Jimenez rely on the following findings and comments:

"Now in this case there is no evidence that any of the defendants or the counter defendant knew that the statement was false, so the question will now turn on whether they published this statement with a reckless disregard of whether or not it was true, because, if that's shown by a preponderance of the evidence here, then malice has been shown.

Therefore, the plaintiff has shown malice by virtue of proving that the defendants and Mr. Kretz, the third-party defendant, acted with a reckless disregard of whether paragraph 17 of this affidavit was true or false.

Therefore, the court will find that Mr. Pete Jimenez and the G.I. Forum are to be held liable as joint tortfeasors.

Therefore, the judgment will be entered against the defendants in the sum of $15,000, plus costs."

Forum and Jimenez moved for a directed verdict at the end of the plaintiff's case, and, we assume, although the record omits these arguments, that they renewed the motion at the end of all the evidence. The court, by entering judgment from the bench, denied the second motion for a directed verdict.

In *Gerety v. Demers*, 86 N.M. 141, 520 P.2d 869 (1974), an analogous problem arose. The defendant sought unsuccessfully by motions for directed verdict to take each of plaintiff's theories of liability away from the jury. The question presented was whether his right of appellate review of the correctness of the court's rulings on his motions was extinguished by his failure to object to an instruction stating his three theories of liability in the alternative, and his request of a similar instruction. The court quoted from *Coca Cola Bottling Co. of Black Hills v. Hubbard*, 203 F.2d 859 (8th Cir. 1953):

"It is true, of course, that an appellant may not challenge on review the correctness of instructions to which he took no exceptions or only a general exception.... In that sense, and in that sense only, it may be said that the instructions to which no exceptions are taken become the law of the case for determining whether the instructions are subject to review on appeal.... But in determining whether a trial court has erred in denying a motion for a directed verdict made at the close of the evidence, it is the applicable law which is controlling, and not what the trial court announces the law to be in his instructions. This Court must ascertain for itself what the applicable law is, whether the instructions were excepted to or not. A proper motion for a directed verdict and its denial will always preserve for review the question whether under the law truly applicable to the case there was an adequate evidentiary basis for the submission of the case to the jury." (citations omitted).

Based upon what the court said in *Gerety*, the issue of review of the applicable standard of proof was not waived by Forum and Jimenez. In *Gonzales v. Rivera*, 37 N.M. 562, 25 P.2d 802 (1933), the New Mexico Supreme Court said:

Ordinarily this court is content to examine the points relied upon for reversal, if properly preserved at the trial, sustaining or overruling them. That is all appellants are entitled to as of right. But that does not limit the inherent power of this court to prevent fundamental injustice.

Under the circumstances of this case this court has jurisdiction to review the issue of standard of proof.

Sands agrees with the trial court's finding that he was a public official.

In the recent case of *Marchiondo v. Tribune, et al.*, No. 5059 and 5061, (Ct.App.), filed December 22, 1981, this court adopted the standard of proof required to be shown against a public official. This court, relying on *Gertz v. Welch*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974); *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 87 S.Ct. 1975,

18 L.Ed.2d 1094 (1967), and *New York Times v. Sullivan*, said:

> Public officials and public figures may recover for defamatory publication only upon clear and convincing proof that the defamatory falsehood was made with "actual malice", that is, with knowledge of its falsity or with reckless disregard for the truth.

In the case at bar, Sands concedes and the court found that plaintiff was not able to prove that Forum and Jimenez released defamatory material with actual knowledge of its falsity. The court found that Forum and Jimenez acted with actual malice in releasing the defamatory material in a reckless disregard of whether it was true or not.

■ A plaintiff who must prove "actual malice" under the New York Times test must do so with the "convincing clarity, which the constitutional standard demands." "Clear and convincing clarity" is something more than "preponderance of the evidence" and less than "beyond a reasonable doubt." *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979).

■ The Supreme Judicial Court of Massachusetts said that "[c]lear and convincing proof involves a degree of belief greater than the usually imposed burden of proof by a fair preponderance of the evidence, but less than the burden of proof beyond a reasonable doubt imposed in criminal cases.... [T]he proof must be 'strong, positive and free from doubt'.... and 'full,

clear and decisive.'" *Stone v. Essex County Newspapers, Inc.*, 367 Mass. 849, 871, 330 N.E.2d 161, 175 (1975) (citations omitted). We are unable to determine from the court's findings and conclusions what quantum or standard of proof it applied and used to decide this case.

We deem it necessary and proper to remand this case for a specific finding as to the quantum or standard of proof that the trial court used and applied. See *Sanchez v. Sanchez*, 84 N.M. 498, 499, 505 P.2d 443 (1973); *Michelson v. Michelson*, 89 N.M. 282, 551 P.2d 638 (1976); Rule 52(B)(1)(g) N.M.R.Civ.P., N.M.S.A. 1978.

We remand this case for the trial court to make an additional finding as to whether the plaintiff met the required burden of proof by clear and convincing evidence. If the court finds that the plaintiff met his burden of proof, this judgment is affirmed. If the trial court finds that the plaintiff has not met his burden of proof, this judgment should be reversed.

IT IS SO ORDERED.

WALTERS, C. J., and DONNELLY, J., concur.