This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROBERT HENRY JOHNSON, Personal**
**Representative of the Estate of**
**Geraldean C. Johnson, Deceased,**

Plaintiff-Appellant,

v.                                                                                      **NO. 32,668**

**CHRISTINE MADRON,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Gary L. Clingman, District Judge**

Martin, Dugan & Martin
W.T. Martin Jr.
Carlsbad, NM

for Appellant

Ray, Valdez, McChristian & Jeans
J. Douglas Compton
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1} Robert Johnson (Plaintiff) appeals the district court order dismissing his breach of fiduciary duty claims against his sister, Christine Madron (Defendant). Plaintiff, acting as the personal representative of their mother's estate, claimed that Defendant breached her fiduciary duties by self-dealing and appropriating funds for her own use while acting as their mother's attorney-in-fact. On appeal, Plaintiff argues that the district court erred by placing the burden of proof on him instead of Defendant in three specific financial contexts and in failing to enforce the terms of a promissory note executed by Defendant and made payable to their mother. We determine that Plaintiff's burden of proof argument was not properly preserved below and decline to address it. Additionally, Plaintiff's argument regarding the promissory note is neither clear nor sufficiently developed, and provides no basis to disturb the judgment of the district court. We affirm.

## I.    BACKGROUND

{2} Plaintiff and Defendant, siblings, dispute the probate of their mother's, Geraldean C. Johnson (Mother), estate. Prior to her death, Mother suffered from Alzheimer's disease, and Defendant served as her attorney-in-fact, managing Mother's financial, medical, and personal affairs for five years pursuant to a power of attorney that was executed in October 2000. When Mother's condition worsened, Defendant

lived with Mother in order to provide constant care. Upon Mother's death in 2005, Plaintiff began serving as the personal representative of Mother's estate.

{3} Approximately three years later, Plaintiff filed suit against Defendant, alleging that Defendant breached her fiduciary duty as attorney-in-fact by self-dealing and appropriating significant sums of Mother's money for Defendant's own use. Plaintiff sought a full accounting of the financial records during Defendant's time as attorney-in-fact and sought to obtain any misappropriated funds. Prior to trial, the record indicates that Defendant provided Plaintiff with an approximately 200 page accounting of her financial actions during the time that she served under Mother's power of attorney. During trial, Plaintiff presented exhibits and testimony and called Defendant as an adverse witness. Afterward, each party submitted proposed findings of fact and conclusions of law to the district court for consideration. In his requests, Plaintiff, for the first time, asked that the district court conclude as a matter of law that Defendant, as a fiduciary agent, bore "the burden of proving the propriety of challenged expenditures." Plaintiff additionally requested that the district court find that Plaintiff was entitled to reimbursement for: (1) $41,629 in commingled funds which Plaintiff contended lacked proper accounting or documentation, (2) $14,000 in proceeds from an auction of Mother's property, and (3) a $47,500 promissory note executed by Defendant and her husband and made payable to Mother. The district

court rejected these conclusions and found that although Defendant had, from time to time, commingled Mother's money with her own money, it was "for the purpose of carrying out her duties to manage Mother's property, health needs and financial affairs," and there was "no substantial evidence that [Defendant's] commingling of Mother's monies with her own benefitted [Defendant] to the detriment of Mother or otherwise helped [Defendant] or harmed Mother." The district court additionally found that Defendant did not engage in the "wrongful act of self-dealing or conversion" and she provided Plaintiff "an adequate and sufficient account of her activity as Mother's attorney-in-fact." Finally, the district court ruled that Plaintiff "failed to prove that [Defendant] breached her duties as attorney-in-fact." The district court dismissed the action with prejudice, finding that Plaintiff should recover nothing from Defendant on the issues tried in the case.

**{4}** Plaintiff appeals, asserting that the district court erred by: (1) placing the burden of proof on Plaintiff rather than on Defendant, as attorney-in-fact, (2) failing to enforce the terms of the promissory note, (3) failing to award the estate $14,000 for proceeds from the auction, and (4) failing to award the estate $41,629 for commingled money for which Defendant had no accounting or documentation.

4

## II.  DISCUSSION

**Plaintiff's Argument That the District Court Erred in Failing to Place the Burden of Proof Upon the Attorney-in-Fact Was Not Properly Preserved**

{5}  Plaintiff contends that the district court's refusal to place the burden to prove that the attorney-in-fact failed in her duties upon Defendant violated existing law. Defendant answers, arguing that Plaintiff failed to preserve this argument as he failed to expressly invoke a timely ruling from the district court that Defendant bore affirmative duties to provide an accounting and to prove the absence of self-dealing, fraud, or conversion. In reply, Plaintiff primarily draws our attention to his proposed findings of fact and conclusions of law, in which he requested that the district court place the burden of proving the propriety of her actions as attorney-in-fact upon Defendant. He further maintains that the argument was properly preserved as the amended complaint alleged that Defendant breached her fiduciary duty and the estate "is entitled to obtain an order requiring [Defendant] to give a full accounting as to her dealings with [Mother's] money." Plaintiff asserts that this portion of the complaint alone is enough to apprise the district court regarding the issue.

{6}  Preserving a claimed point of error is generally a prerequisite to appellate review. *Gracia v. Bittner*, 1995-NMCA-064, ¶ 12, 120 N.M. 191, 900 P.2d 351. In order to "preserve a question for review[,] it must appear that a ruling or decision by the district court was fairly invoked[.]" Rule 12-216(A) NMRA. First, we determine

5

that Plaintiff's general assertion within his amended complaint that the estate is entitled to a court order requiring Defendant to provide a full accounting of her management of Mother's financials is insufficient to "specifically apprise[] the [district] court of the nature of the claimed error" in order to "invoke[] an intelligent ruling thereon." *Murken v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-080, ¶ 10, 140 N.M. 68, 139 P.3d 864 (internal quotation marks and citation omitted). By merely seeking an accounting—which we note Plaintiff received—Plaintiff did not invoke a ruling on the specific question of which party bore the burden of proof at trial sufficient to specifically alert the district court to what he now asserts to have been trial error. *See id*. Indeed, Plaintiff either never legally challenged the sufficiency of the accounting he received in district court, or now fails to provide the citation within the record at which point he lodged such a complaint by follow-up argument or pre-trial motion. *See In re Estate of Heeter*, 1992-NMCA-032, ¶ 15, 113 N.M. 691, 831 P.2d 990 ("This court will not search the record to find evidence to support an appellant's claims."). Under these circumstances, Plaintiff cannot expect this Court to now conclude that he has somehow preserved what we consider to be the wholly distinct request that the burden of proof on which trial was to proceed be switched from himself to Defendant. Under the precedent cited above, we conclude this was inadequate to alert the district court of the need for a ruling as to burden of proof. We

6

next consider whether Plaintiff's requested findings of fact and conclusions of law, which were direct in asking that Defendant, and not Plaintiff, bear the burden of proof in this case, adequately preserved the appealed issue.

**{7}**     Plaintiff contends that by requesting that the district court determine which party carry the burden of proof in his proposed findings of fact and conclusions of law, the issue was properly preserved. In his reply brief, Plaintiff relies on *DesGeorges v. Grainger*, 1966-NMSC-013, 76 N.M. 52, 412 P.2d 6, and what he maintains to be "numerous cases where an issue was not preserved for review on appeal because the appealing party had not filed requested findings and conclusions on the issue." However, Plaintiff's proposition in this latter regard extends no farther than citing *DesGeorges* and Rule 12-216(A), the rule of preservation. *See Fenner v. Fenner*, 1987-NMCA-066, ¶ 28, 106 N.M. 36, 738 P.2d 908 ("We remind [the parties] that we are not required to do [their] research."). We note that in *DesGeorges*, our Supreme Court remanded a case to the trial court that had failed to make findings of fact after having conducted a bench trial. 1966-NMSC-013, ¶¶ 5, 17. *DesGeorges* did not resolve a question of law such as that presented herein. *Id.* ¶ 7. As well, Plaintiff misconstrues the applicability of the proposition he cites to the facts of this case: While failing to include an issue within a party's proposed findings and conclusions may render it deficiently preserved, presentation of a legal issue to the district

court—particularly one bearing on trial—*following* a bench trial does not conversely guarantee its timely preservation.

{8}    Plaintiff relies on *Sands v. American G.I. Forum of New Mexico, Inc.*, 1982-NMCA-044, 97 N.M. 625, 642 P.2d 611, for the proposition that the inclusion of an issue in the requested findings of fact and conclusions of law alerts the district court to an argument regarding burdens of proof. Our review of *Sands*, however, shows Plaintiff's reliance on it to be mistaken and the case itself to be distinguishable. The issue on appeal did not regard the burden of proof, but rather the standard or quantum of proof. *Id.* ¶ 2. On appeal, the appellee had asserted that this issue was not properly preserved in the district court because the appellants "did not request findings of fact and conclusions of law which set out the appropriate standard of proof." *Id.* ¶ 8. This Court held that the issue was properly preserved based on three factors: (1) the appellants presented the district court with a "pretrial legal brief" alerting the district court to the specific issue before the start of trial; (2) the requested findings of fact and conclusions of law, in their totality, alerted the district court to the issue; and (3) the appellants moved for a directed verdict specifically on the basis that appellee failed to make a prima facie case given the standard of proof. *Id.* ¶¶ 8, 12.

{9}    Here, although Plaintiff included the burden of proof issue in his requested findings of fact and conclusions of law, he in no way alerted the district court to the

issue prior to or during trial. Rather, Plaintiff presented his case-in-chief prior to Defendant's case, calling Defendant as his first witness. Once Plaintiff rested his case, Defendant also presented evidence, and in no way undertook to establish proof in a manner consistent with, nor was she ever told that she bore any, trial burden. After trial, Plaintiff submitted his requested findings of fact and conclusions of law to the district court, in which he first specifically requested that the burden of proof be placed on Defendant.

{10} Plaintiff points us to no other location within the record that he objected, sought direction regarding the burden of proof he maintains he wrongly bore, or otherwise spoke up about his dissatisfaction with the way the trial was progressing. Indeed, the order of presentation of the evidence typically follows the burden of proof. *See City of Albuquerque v. Chavez*, 1998-NMSC-033, ¶ 6, 125 N.M. 809, 965 P.2d 928 (indicating that the party presenting its case first carries the burden of proof); *Matter of Temination of Boespflug*, 1992-NMCA-138, ¶ 24, 114 N.M. 771, 845 P.2d 865 (Donnelly, J., specially concurring) (concluding that the burden of proof shifted to the party required to present evidence first "since the order of presentation of evidence generally follows the burden of proof"). We conclude that at the trial juncture of the litigation, Plaintiff's objection was overdue. His opportunity to preserve the legal question of burden of proof, in a manner that would have allowed the district court to

9

consider and intelligently rule upon his request, was prior to the taking and certainly the conclusion of trial evidence. By waiting until the trial record was established and once the bench trial had concluded, Plaintiff's objection not only deprived the district court of a meaningful and effective opportunity to correct any error regarding the burden of proof, but it prevented the development of a record sufficient to allow this Court to perform an informed and meaningful review. *See In re Estate of Vigil*, 2012-NMCA-121, ¶ 19, 296 P.3d 1209 ("Preservation serves the purposes of (1) allowing the trial court an opportunity to correct any errors, thereby avoiding the need for appeal, and (2) creating a record from which the appellate court can make informed decisions.").

{11} Now, and in his post-trial requested conclusions of law, Plaintiff maintains the trial was wrongly conducted. However, hindsight evaluations of who bears or does not bear the burden of proof in a particular trial run afoul of our established requirement that issues which serve as points of appeal must first have been presented in a timely manner to the trial court. *Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 39, 125 N.M. 748, 965 P.2d 332 (denying appellate review on the basis that the plaintiff failed to timely preserve its argument, thereby precluding a correction of the claimed error by the district court and preventing the development of an adequate record to aid the reviewing court in reaching a decision). Plaintiff does not provide us

with, nor is it our responsibility to locate, additional instances in the record where this claimed error may have been preserved. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). Consistent with our precedent, we conclude that Plaintiff bore the affirmative duty to present his theory[1] to the district court at a time when his asserted claim of error could be effectively redressed. *Diversey Corp.*, 1998-NMCA-112, ¶ 39. Since Plaintiff did not present his asserted error, or the case on which he now relies, to the district court at a time when that court could have made a timely ruling, we will not review his argument on appeal. *See Chapel v. Nevitt*, 2009-NMCA-017, ¶ 53, 145 N.M. 674, 203 P.3d 889 (declining appellate review where the appellant did not challenge a claimed error in a manner such that the district court had an opportunity to create a remedy); *In re Estate of Vigil*, 2012-NMCA-121, ¶ 19 (declining appellate review where the appellant failed to timely object to a claimed error).

{12}    Plaintiff makes two final contentions regarding what he claims to be the wrongly placed burden of proof. He argues that the district court erred in failing to

---

[1]We note Plaintiff's theory was supported only by a thirty-five-year-old Third Circuit federal case, *see Dresden v. Willock*, 518 F.2d 281, 290 (3d Cir. 1975) (citing the Restatement (Second) of Agency for the proposition that "an agent has a duty to keep and render to his principal an account of money or other things which he has received or paid out").

award Mother's estate: (1) the proceeds of an auction of Mother's property, and (2) the commingled funds for which he asserts Defendant failed to provide an accounting. Each contention, however, rehashes the same theory of relief: that the district court incorrectly placed the burden of proof upon him when it should have placed the burden of proof upon Defendant. Notably, Plaintiff does not expressly challenge the sufficiency of the evidence supporting the district court's refusal to award him or the estate the sums of money he now requests. *See* Rule 12-213(A)(4) NMRA ("A contention that a verdict, judgment or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]"). Because we have reached a conclusion regarding Plaintiff's burden of proof argument, we will not again address Plaintiff's contentions regarding the district court's determination rejecting auction proceeds or commingled funds.

**Plaintiff's Argument That the District Court Erred in Failing to Enforce the Terms of the Promissory Note Is Unclear and Undeveloped**

{13}     Plaintiff next argues that the district court erred in failing to enforce the terms of a promissory note, made payable to Mother and executed by Defendant and her husband. Plaintiff appears to ask this Court to reverse the district court's ruling on the basis that the district court rejected Plaintiff's requested findings of fact and conclusions of law without making a "specific affirmative ruling on the issue of the

12

affirmative defense of failure of consideration." It seems that Plaintiff maintains that the district court's rejection of his proposed findings of fact and conclusions of law, without a ruling on the affirmative defense, amounts to reversible error.

{14}    At the outset, we note that Plaintiff himself states that Defendant "did not mention the lack of consideration defense for the note." Furthermore, Plaintiff fails to provide any additional citation within the record indicating that the district court was ever specifically apprised of the existence of a "failure of consideration" defense, such that the district court could make an informed ruling on the matter as Plaintiff now requests. In fact, our review of the record indicates that any reference to a promissory note is absent from Plaintiff's amended complaint, and although the topic was discussed during trial, the only cite Plaintiff provides indicating that he requested resolution from the district court on the promissory note is again within his requested findings of fact and conclusions of law, submitted after trial. Not only does this Court decline to "search the record for facts, arguments, and rulings in order to support generalized arguments[,]" *Muse*, 2009-NMCA-003, ¶ 72, but we will not "consider propositions that are unsupported by citation to authority." *Cordova v. Cline*, 2013-NMCA-083, ¶ 28, 308 P.3d 975. Plaintiff fails to cite any New Mexico precedent supporting his apparent contention that the district court erred in failing to make a

ruling on an affirmative defense that Defendant never pursued, and we do not review his argument.

{15}     Again, we note that Plaintiff did not challenge the sufficiency of the evidence at trial in relation to the district court's rejection of his cause of action regarding the promissory note. Even were his contention to be viewed as such a challenge by this Court, his argument is unclear and undeveloped. In his brief in chief, Plaintiff offers nothing more than a summary of Defendant's testimony at trial and an argument that Defendant failed to raise an affirmative defense of "failure of consideration." Plaintiff provides no argument negating the substantiality of the evidence presented at trial, nor does he cite any caselaw supporting a reversal of the district court's ruling on a substantial evidence basis. *ITT Educ. Servs., Inc. v. Taxation & Revenue Dep't,* 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969. Again, "[w]e decline to review such an underdeveloped argument." *Headley*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076. Plaintiff's challenge to the district court's ruling, to the extent it denies his contentions regarding the promissory note, do not provide a basis upon which the ruling can be disrupted on appeal.

## III. CONCLUSION

{16} For the forgoing reasons, we affirm the decision of the district court.

{17} **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**